**EXHIBITS**

**EXHIBITS**

**EXHIBITS**

DEPARTMENT OF THE TREASURY
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
WASHINGTON, DC 20226

REFER TO: 01-1766
122000

JUL - 7 2001

Mr. Marcus D. Jones
Reg. #12520-045
P.O. Box 33
Terre Haute, Indiana  47808

Dear Mr. Jones:

This is in response to your Freedom of Information Act (FOIA) request for access to information maintained by the Bureau of Alcohol, Tobacco and Firearms (ATF). Specifically regarding the purchase of a firearm in Callaway County.  Your FOIA request was also received by the ATF office in Kansas City; do be advised all FOIA requests for records are processed here in Washington, D.C. Bureau Headquarters.

Enclosed is your file, which contains the information you seek.  Your request is granted in part, we are releasing the segregable portions of the records that are exempt and are withholding portions for the reasons indicated on the enclosed "Document Cover Sheet".

The costs associated with processing your FOIA request did not meet the minimum.

Insofar as portions of your request has been denied by deletions you have the right to file an Administrative Appeal by following the procedures outlined in Part III of the enclosed form.

Sincerely yours,

Averill P. Graham
Team Leader, Disclosure Division

Enclosure

Exhibit page 1



**U.S. Department** ʲustice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

Requester: **Marcus D. Jones**                    Request Number: **01-1351**

Subject of Request: Self/MOW

Dear Requester:   *Mailed second time*    AUG 18
                                          Date        JUL 2 0

     In your April 19, 2001 letter, you requested a fee waiver if applicable. I regret to inform you
that your request is denied. Federal regulation 28 CFR 16.11(k) sets forth the requirements for a
waiver or reduction of fees. After carefully considering your FOIA request, #01-1351, in the context of
28 CFR 16.11(k), I have determined that your request does not meet the requirements for the reasons
discussed below.

     Your request must demonstrate that disclosure of the information you have requested is "in the
public interest", and disclosure is not primarily for a commercial purpose. Your request is obviously
not for a commercial purpose, but neither is disclosure in the public interest. For disclosure of
information to be in the public interest, disclosure must be "likely to contribute significantly to the
public understanding of the operations or activities of the government".

     Title 28, section 16.11(k) of The Code of Federal Regulations requires that the subject of the
requested records must concern identifiable operations or activities of the federal government, but in
your case, you are the subject of the request. In addition, 28 CFR 16.11(k) requires that, "[t]he
disclosure must contribute to the understanding of a reasonably broad audience of persons interested in
the subject, as opposed to the individual understanding of the requester." In this case, your request
contributes to your understanding as opposed to the understanding of a broad audience of persons.

     Finally, it is well settled that indigence alone, without a showing of a public benefit, is
insufficient to warrant a fee waiver. Accordingly, your request is denied. That said, your request for
records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes
a reply from the Executive Office for United States Attorneys, the official record-keeper for all records
located in this office and the various United States Attorneys' Offices.

     To provide you the greatest degree of access authorized by the Freedom of Information Act and
the Privacy Act, we have considered your request in light of the provisions of both statutes.

     The records you seek are located in a Privacy Act system of records that, in accordance with
regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy
Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act
and are making all records required to be released, or considered appropriate for release as a matter of
discretion, available to you. **As a result of reviewing your April 19, 2001, June 12, 2001, and
August 12, 2001 letters, we consolidated them under EOUSA case 01-1351 so as to provide you
with records responsive to your specific concerns. This letter is a partial release.**

   46   pages are released in full (RIF);                    Exhibit page 2
    1    page is released in part (RIP);
_____ page(s) are withheld in full (WIF). **The redacted/withheld documents were reviewed to
determine if any information could be segregated for release.**

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

| Section 552 | | | Section 552a |
|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(4) | [ ] (b)(7)(B) | [ X ] (j)(2) |
| [ ] (b)(2) | [ ] (b)(5) | [ X ] (b)(7)(C) | [ ] (k)(2) |
| | [ ] (b)(6) | [ ] (b)(7)(D) | [ ] (k)(5) |
| [ X ] (b)(3) | [ ] (b)(7)(A) | [ ] (b)(7)(E) | [ ]  _____ |
| **6(e) F.R.C.P.** | [ ] (b)(7)(F) | | |

_____

_____

[ X ]     This office is also withholding grand jury material retained in the District.

In addition, a review of the material revealed:

[ X ]     **80** **page(s) originated with another government component. These records and one cassette tape entitled "Compilation Tape Used at Trial" were found in the U.S. Attorney's Office files and may or may not be responsive to your request. As a result of receiving your $25.00 payment for processing fees, these records and the cassette tape are being referred to the following component listed for review and direct response to you:**

**Dorothy Chambers**
**FOIA/PA Officer**
**Chief, Disclosure Division**
**Bureau of Alcohol, Tobacco, Firearms, and Explosives**
**Department of Justice**
**Washington, DC  20226**
Pages(s) Referred **80**

[ X ]     There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

[   ]     See additional information attached.

This is the final action my office will take on your request.

You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

Exhibit page 3                (Page 2 of 3)

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)

Exhibit page 4

(Page 3 of 3)
Form No. 021 - fee - 2/04

Marcus DeAngelo Jones #12520-045
Federal Correctional Institution
P.O.Box 5000
Greenville, Illinois  62246

June 26, 2005

U.S. Department of Justice
Bureau of Alcohol, Tobacco, Firearmes
and Explosives
Office of Information and Privacy
United States Department of Justice,
Flag Building, Suite 570
Washington, D.C.  20530-0001

RE: **This is a Appeal from denial of records and a improper search
in FOIA request Number 05-1219 AG**

Dear Mam or Sir:

This agency is denying me the request for information based on a improper search for records. In my original request for the records I provided me social security number on the form,(My social security number is 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).

I also provided in my request when and how this agency was involved in my drug investigation and provided the time, dates, and places where the investigation occured. I further informed in my request that his agency was responcible for collecting evidence in the possession of the State Police Department and preparing a recommendation  for prosecution of the Assitant U.S. Attorney for the Western District of Missouri on a ATF F 3200.14 form.(Also See Attached page 1 thru 3)

Furthermore, whether this agency calls it's investigative reports  302 reports or not I would have hoped that the person handling my request knew what I was saying.

But, again my request for records were denied based on a improper search and I request that I be provided with the ATF Reports of Investigation of my drug case, the recommendation for prosecution form, ATF report of investigation interviews with witnesses.

Sincerely,

Marcus Jones #12520-045

Exhibit page 5

Marcus D. Jones #12520-045
Federal Correctional Institution
P.O.Box 5000
Greenville, Illinois  62246

August 10, 2005

Department of Justice
Bureau of Alcohol,Tobacco,Firearms
and Explosives
Washington, D.C. 20226

RE: REQUEST NO 05-1219-AG,   APPEAL AND NOTICE OF ADDRESS.

Dear Mam or sir:

I requested information from this agency reguarding report,
and evidence that this agency was involved in back in 1999, with
the Columbia Police Department, in Columbia, Missouri.
This evidence is known to be in this agency's possession and
controll. This agency has refused to comply with my request.
If I do not recieve the information, and notice from this
appeal within 30 days I will seek Judicial relief.

Sincerely,

Marcus Jones #12520-045

PS: THE INFORMENTION WAS RELATED TO A DRUG INVESTIGATION WHICH
THIS AGENCY ASSISTED AND COLLECTED EVIDENCE FROM THE POLICE DEPARTMENT.

cc;mdj

Exhibit page 6

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

AUG 1 8 2005

Washington, DC 20226
www.atf.gov

100060-AG

---

Mr. Marcus D. Jones
Reg. No. 12520-045
Federal Correctional Institution
P.O. Box 5000
Greenville, Illinois 62246

Dear Mr. Jones:

This is to acknowledge your Freedom of Information Act (FOIA) request to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

Your request was received on August 17, 2005, and has been assigned number 05-1483; a response will be mailed to you within 20 (twenty) business days from the date of receipt.

Sincerely yours,

*April Sands*

April Sands
Disclosure Assistant

Exhibit page 7



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

_____

Washington, DC 20226

www.atf.gov

SEP X 1 2005          REFER TO: 05-1483 AG

100060

Mr. Marcus D. Jones
Register #12520-045
FCI – Post Office Box 5000
Greenville, Illinois 62246

Dear Mr. Jones:

  This is in response to your Freedom of Information Act (FOIA) request for access to
information maintained by the Bureau of Alcohol, Tobacco, Firearms and Explosives
(ATF), as they pertain to you.

Your request is granted in part.  We are releasing segregable portions of the records that
are exempt and are withholding portions for the reasons indicated on the enclosed
"Document Cover Sheet".

You provided the information necessary to identify your records when you appealed,
consequently your appeal was remanded and then we were able to process your FOIA
request.  The costs associated with processing this portion of your FOIA request did not
meet the minimum.

Insofar as portions of your request has been denied by deletions, you have the right to file
an administrative appeal by following the procedures outlined in Part III of the enclosed
form.

Sincerely yours,

Averill P. Graham
Chief, Disclosure Division

Enclosure

Exhibit page 8

Marcus DeAngelo Jones #12520-045
Federal Correctional Institution
P.O.Box 5000
Greenville, Illinois  62246

September 15, 2005

United States Department of Justice
Bureau of Alcohol, Tobacco, Firearms
and Explosives.
Freedom of Information and Privacy
Flag Building, Suite 570
Washington, D.C.  20530-0001

**RE: Administrative Appeal from Request No. 05-1483 AG**

Dear Mam or Sir:

I am appealing, because the ATF, is withholding information that I requested, and or did not conduct a proper search for information. I requested information concerning evidence collected by the ATF, from The Columbia Police Department in Columbia, Missouri.

The ATF division only disclosed material concerning the firearms investigation and offense  when the recommendation for prosecution was given to the Assistant United States Attorney for the Western District of Missouri.

However, the ATF also acted as a liaison agency in collecting evidence concerning the Federal drug offense that I was charged with. I requested the reports, evidence, statement may, interviews  taken and prepared by the ATF agents , and presented to the United States Attorney's Office concerning my **"drug investgation"**. I know this agency of the ATF participated in collecting the evidence and presenting this case to the prosecution.

Attached is my proof that the ATF has evidence, reports, ect., in it possession concerning my drug case and is withholding this material.

In the event that I do not hear from, you or the ATF, in 30 days from the date of this letter I will seek judicial relief.

Sincerely Yours,

cc:MDJ

Exhibit page 9

**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642

Washington, D.C. 20530
SEP 3 0 2005

Mr. Marcus DeAngelo Jones
Register No. 12520-045
Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246

     Re:  Request No. 05-1483

Dear Mr. Jones:

     This is to advise you that your administrative appeal from the action of the Bureau of Alcohol, Tobacco, Firearms, and Explosives on your request for information from the files of the Department of Justice was received by this Office on September 22, 2005.

     The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-2872**.  Please mention this number in any future correspondence to this Office regarding this matter.

     We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

             Sincerely,

             Priscilla Jones
             Chief, Administrative Staff

Exhibit page 10

**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_          _Washington, D.C. 20530_

SEP 3 0 2005

Mr. Marcus DeAngelo Jones
Register No. 12520-045
Federal Correctional Institution
P.O. Box 5000
Greenville, IL 62246

  Re:  Request No. 01-1351

Dear Mr. Jones:

   This is to advise you that your administrative appeal from the action of the Executive Office for United States Attorneys on your request for information from the files of the Department of Justice was received by this Office on September 22, 2005.

   The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-2873**.  Please mention this number in any future correspondence to this Office regarding this matter.

   We will notify you of the decision on your appeal as soon as we can.  The necessity of this delay is regretted and your continuing courtesy is appreciated.

       Sincerely,

       Priscilla Jones
       Chief, Administrative Staff

Exhibit page 11

Marcus D. Jones #12520-045
Federal Correctional Complex
P.O.Box 5888
Yazoo City, Mississippi  39194

Date: 1-10-06

United States Department of Justice
Office of Information and Privacy
Administrative Appeal Section
Flag Building, Suite 570
Washington, D.C.  20530-0001

RE: **Freedom of Informantion Privacy Act Appeal NO. 05-2872;
And No. 05-2873 ; And Notice of New address.**

Dear Mam or Sir:
    I am writing to inform you of my address change. I presently
reside at the address in the upper left hand corner of this
letter and as addressed on the envlope.
    I am also inquiring about the appeal in this cause. It
has been over three months since my appeal has been pending
concerning the agencies failure to disclose information to me.
    In the event that I do not recieve a decision on my appeal
or the information requested in (30) thirty days I will seek
judicial relief, Thank you for your time and attention in this
matter,.

                              Sincerely,
                              Marcus Jones

cc;MDJ                          Exhibit page 12



**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642                    Washington, D.C. 20530

---

JAN 3 0 2006

Mr. Marcus D. Jones
Register No. 12520-045
Federal Correctional Complex (Medium)
Post Office Box 5888
Yazoo City, MS 39194

        Re: Appeal Nos. 05-2872 and 05-2873

Dear Mr. Jones:

        This responds to your letter dated January 10, 2006, regarding the status of your administrative appeals from the actions of the Bureau of Alcohol, Tobacco, Firearms and Explosives and the Executive Office for United States Attorneys.

        Your administrative appeals have recently been assigned to a staff member of this Office for processing. Due to the large number of appeals received by this Office and the individual review given to each, it is very difficult to predict accurately when a determination will be reached on your appeal. However, based on the average review time, we anticipate that the delay will extend at least for several weeks.

        I hope this information is of assistance to you, and again, request your continued patience.

                                Sincerely,

                                Priscilla Jones
                                Chief, Administrative Staff

PAJ:CIH

                                                                13
                                        Exhibit page 13

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MARCUS D. JONES,

       Plaintiff,

vs.                         Civil Action No.06-0461-RMU

DEPARTMENT OF JUSTICE, et.al,.

       Defendants.

---

## MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

---

## I. INTRODUCTION

This case arises under the Freedom of Information Act (FOIA),
5 U.S.C §552, and pertains to the processing of Plaintiff's FOIA
request by the Bureau of Alcohol, Tobacco, Firearms, and Explosives
(ATF). The attached declaration of Marcus D. Jones, and Exhibits
as to the suppression of the records shows the inadequacy of the
search for records and the violation of the FOIA by the defendants.

## II. STATEMENT OF MATERIAL FACTS AS TO WHICH THERE
### IS NO GENUINE ISSUE IN DISPUTE.

Pursuant to Rule 56 F.R.Civ.P., and local rule 7.1(h), the
Plaintiff provides the material facts as to which there is no genuine
dispute:

1.) By letter in April of 2001, plaintiff Marcus Jones, made
a request to the ATF, for all records concerning himself, and a

Federal Firarms investigation out of the Western District of Missouri. On July 7, 2001, the ATF narrowed Plaintiff's request and only disclosed records concerning the firearms investigation. (Declaration of Marcus Jones ¶.4, Exhibit page 1)

2.) On August 18, 2004, The Excutive Office of the United States Attorney's Office (EOUSA) notified Plaintiff that other records concerning his drug investigation existed and were in possession of the ATF. (Decl. Marcus Jones ¶.5, exhibit pages 2-4)

3.) On June 8, 2005, Plaintiff filed a request to the ATF, for all records, agent reports, reports for recommendation for prosecution related to the drug investigation for which the ATF acted as a liason agency.(Decl. of Marcus Jones ¶.6)

4.) The ATF, denied the request  alleging that Plaintiff had not provided sufficient information. (Decl. Marcus Jones, ¶.7)

5.) On June 26, 2005, and August 10, 2005, Plaintiff filed administrative appeals from the denials of the information requested. (Decl. Marcus Jones ¶.7, Exhibit pages 5-6)

6.) On August 18, 2005, the ATF informed Plaintiff that he would receive a responce to the appeals in 20 business days. (Decl. Marucs Jones, exhibit page 7). On September 1, 2005, the ATF responded and provided plaintiff with information non responsive to the FOIA request. (Decl. Marcus Jones, ¶.8, Exhibit pages 7-8)

2.

7.) Plaintiff filed administrative appeals on September 15, 2005. (Decl. Marcus Jones, ¶.9 exhibit pages 9-11)

8.) The ATF, has not responded to the appeals. The appeals has been pending since September 15, 2005, Plaintiff has written the ATF concerning the appeals and notified the ATF of his address change on Janurary 10, 2006. The ATF responded that it would be several weeks before Plaintiff would receive a responce. That letter was recieved by Plaintiff on Feburary 25, 2006, but was dated on Janurary 30, 2006. Since that day plaintiff has not recieved a responce or information from the ATF. The ATF non response is considered a denial of the information. (Decl. Marcus Jones. ¶10; ¶11, Exhibit pages 12-13)

## ARGUEMENT

### III. PLAINTIFF IS ENTITLED TO SUMMARY JUDGEMENT

A. STANDARD FOR SUMMARY JUDGEMENT.

Courts review for the purposes of summary judgement, an agency's withholding information from the Freedom of Information Act requester is subject to de novo review. **Hayden v. Narional Security Agency/ Cent, Sec.Serv.,**608 F.2d 1381,1384 (D.C.Cir. 1979), **Cert. Denied, 446 U.S. 937 (1980).** In a Freedom of Information action, summary judgement is appropriate when, as here, the pleadings together with declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgement as a matter of law. **F.R.Civ.P. 56(c); Alyeska Pipeline Serv. Co. v. EPA**, 856 F.2d 309,313 (D.C.Cir.1988)(conflicts in

3.

declarations alone insufficient to preclude entry of summary judgement).

B. THE ATF FAIL TO CONDUCT A ADEQUATE SEARCH FOR RECORDS ABOUT THE PLAINTIFF'S DRUG INVESTIGATION.

In responding to a FOIA request, an agency is under a duty to conduct a reasonable search for responsive records. **Oglesby v. United States Department of Army**, 920 F.2d 57,68 (D.C.Cir.1990) The issue is not whether there might exist any records possibly responsive to the request, but rather the search for responsive records was adequate. **Weisburg v. United States Department of Justice**, 745 F.2d 1476,1485 (D.C.Cir.1984).

The ATF did not conduct a adequate search for records responsive to the Plaintiff or his request for records concerning a drug investigation. However, the ATF turned over non responsive records to the FOIA request. (Decl.Marcus Jones, ¶5,6,7,8) Plaintiff, notified the agency that the search was improper and provided it with sufficient information about the plaintiff, and the evidence. This was done by sending the ATF a letter from another agency stating that the ATF had evidence and participated in the investigation , and so on . (Decl. Marcus Jones, ¶.9 Exhibit page 9).

Even after Plaintiff submitted the information and evidence that the ATF has evidence in its possession. The agency has fail to respond, search its filing system or its investigative reporting system to recover information responsive to the request. (Decl. Marcus Jones, ¶.13) Nor has the ATF contacted or attempted to contact the case agent whom collected the evidence and written the ATF O

4.

3270.20 reports to locate responsive records.

The ATF has not made a good faith effort or a reasonable and adequate search of its records and files that would likely contain such information about plaintiffs' drug investigation. On this basis , the plaintiff is entitled to judgement in his favor on all claims and relief requested in the original complaint.

## IV.  PLAINTIFF HAS EXHAUSTED ADMINISTRATIVE REMEDIES PUBLICALLY KNOWN.

The FOIA gives this Court jurisdiction to order production of records that have been "improperly withheld," **See**, **5 U.S.C. §552(a)(4)(B),** and other relief the court deems proper. This requires a FOIA requester to follow the agency's published regulations governing FOIA request. **See**, **5 U.S.C. §552(a)(3).** If the requester fails "to follow the procedures set forth in the [agency] regulations [he/she] has fail to make a proper request under the FOIA and therefore fail to exhaust [his/her] administrative remedies." **Kessler v. United States**, 899 F.Supp. 644,645 (D.C.Cir.1995)(citations omitted) However, when the agency fails to timely respond to the requesters request for information, or appeal, or fails to respond to FOIA appeals within the time proscribed, or a reasonable time afterwards, the requested information will be deemed denied and the administrative remedies exhausted. **See, Swan View Coalition v. Department of Agric,** **39 F.Supp.2d 42,44 (D.C.C. 1999).**

The FOIA provides for appeals of adverse determinations from the denial of FOIA request. **See**, **5 U.S.C. §52(6)(A); 28 C.F.R. 16.9,** within (60) sixty days from the denial of the request.

5.

In the case sub judice, Plaintiff's FOIA request was denied
June 16, 2005, Plaintiff filed two appeals on different dates from
the denial. (Decl. Marcus Jones, ¶.6 , Exhibits pages 5,6,9,10,11).
On August 18, 2005, the ATF with drew its denial and provided Plaintiff
with material non responsive to the request. On September 15, 2005,
Plaintiff filed another administrative appeal. The Defendants (ATF)
has been given sufficient time to respond to Plaintiff's appeal.
The defendants were also notified on Janurary 10, 2006 of plaintiff's
new address and inquiry on the appeal. the Defendants responded
by letter dated on Janurary 30, 2006,(although Plaintiff did not
receive the letter until late in the month of Feburary) that the
appeal would be answered in several weeks. (Decl. Marcus Jones,
¶.9; ¶.10, exhibit pages 9-13) The defendant made that statement
(6) six months ago and Plaintiff has not recieved a responce.

The statute requires the defendants  respond to a FOIA appeal
in (20) twenty days. **See**, 5 U.S.C. §552(a)(6)(A)(ii). The defendants
has not responded to plaintiffs appeal in a total of (9) nine months.
The defendants failure to respond constitutes a denial of the appeal
and requested information. this denial constitutes an exhaustion
of the administrative remedies. **Hudgins v. IRS**, 620 F.Supp.119,
21 (D.C.C. 1985); **Swan View Coalition**, supra, 39 F.Supp.2d at 44.

Ergo, The Defendants (ATF) should not escape summary judgement
with a albeit late attempt to respond to Plaintiffs request or
appeal to defeat justice of the Court. The plaintiff has made a
showing that he has exhausted his remedies ans is entitled to

6.

summary judgement in his favor.

## CONCLUSION

For all the foregoing reasons, the plaintiff is being denied access to records by the Defendants (ATF) and respectfully request that the Court grant judgement and the relief stated in the original c complaint in his favor.

EXECUTED THIS _13th_ DAY OF ___June___ , 2006.

RESPECTFULLY SUBMITTED,

Marcus D. Jones, #12520045
Federal Correctional Complex
P.O. Box 5888
Yazoo City, Mississippi  39194

7.