UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ――――――――――――――――――――――― | ) | |
| MARCUS DEANGELO JONES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No.  06-0461 (RMU) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, and | ) | |
| | ) | |
| U.S. BUREAU OF ALCOHOL, TOBACCO, | ) | |
| FIREARMS AND EXPLOSIVES, | ) | |
| | ) | |
|     Defendants. | ) | |
| ――――――――――――――――――――――― | ) | |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, the Department of Justice, and the Bureau of Alcohol, Tobacco, Firearms and Explosives, respectfully move for summary judgment in this case, which arises under the Freedom of Information Act ("FOIA").  Plaintiff, a *pro se* prisoner with a projected release date in the year 2024, seeks records from federal law enforcement agencies concerning his criminal file.  Defendants released certain records and withheld information pursuant to FOIA exemptions (b)(2) and (b)(7)(C).

*Pro se* Plaintiff will please take note that the assertions contained in the accompanying declarations and other attachments in support of Defendant's motion will be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in Defendant's declarations and attachments.  See Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992); Fed. R. Civ. P. 56(e); and Local Civil Rule 7(h).  Local Rules 7(h) and 56.1 specifically require Plaintiff, if opposing this motion, to provide a statement of

genuine issues of material fact, with specific references to evidence, for each of Defendants'

statements of material fact which Plaintiff contests.  Failure to respond, with sufficient evidence,

may result in the Court deeming a response waived and Defendants' factual statement admitted.

See Jackson, Finnegan, Henderson, Farabow, Garrett & Dunner, 101 F.3d 145, 151 (D.C. Cir.

1996); Twist v. Meese, 854 F.2d 1421 (D.C. Cir. 1988); Heasley v. D.C. General Hosp., 180 F.

Supp. 2d 158, 163 (D.D.C. 2002); Trawick v. Hantman, 151 F. Supp. 2d 54, 58-59 (D.D.C.

2001).

A supporting memorandum is attached, along with an agency declaration and Vaughn

index, and proposed order.


June 22, 2007                                          Respectfully submitted,

                                          _____

                                          JEFFREY A. TAYLOR, D.C. Bar # 498610
                                          United States Attorney


                                               /s/
                                          _____
                                          RUDOLPH CONTRERAS, D.C. Bar # 434122
                                          Assistant United States Attorney


                                               /s/
                                          _____
                                          ALAN BURCH, D.C. Bar # 470655
                                          Assistant United States Attorney
                                          555 4th St., N.W.
                                          Washington, D.C. 20530
                                          (202) 514-7204
                                          alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS DEANGELO JONES,⟩ | |
| ⟩ | |
| Plaintiff,⟩ | |
| ⟩ | |
| v.⟩ | Civil Action No.  06-0461 (RMU) |
| ⟩ | |
| U.S. DEPARTMENT OF JUSTICE, and⟩ | |
| ⟩ | |
| U.S. BUREAU OF ALCOHOL, TOBACCO,⟩ | |
| FIREARMS AND EXPLOSIVES,⟩ | |
| ⟩ | |
| Defendants.⟩ | |

**DEFENDANTS' MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

Defendants, the Department of Justice, and the Bureau of Alcohol, Tobacco, Firearms and Explosives, respectfully move for summary judgment in this case, which arises under the Freedom of Information Act ("FOIA").  Plaintiff, a *pro se* prisoner with a projected release date in the year 2024, seeks records from federal law enforcement agencies concerning his criminal prosecution file.  Defendants released certain records and withheld information pursuant to FOIA exemptions (b)(2) and (b)(7)(C).

**Background**

The attached ATF declaration details and documents the factual background of Plaintiff's FOIA request and the ATF's processing of it, which are summarized here.   In June 2005, the ATF received Plaintiff's FOIA request in which he sought so-called "302" reports and witness statements from an investigation by the Columbia Police Department (i.e., Columbia, Missouri), in which he claimed ATF participated.  (Decl. Peter Chisholm, attached hereto, ¶ 7 & Exhibit E

thereto.)

 The ATF promptly responded it could not conduct a search for such records due to the lack of information he provided, and the ATF requested further identifying information, such as his social security number.  (Id. ¶ 8 & Exhibit F.)  The ATF also explained that 302 reports are generated by the Federal Bureau of Investigation (FBI), not the ATF, and provided Plaintiff with instructions on how to submit an administrative appeal.  (Id.)

 In July 2005, the Office of Information and Privacy ("OIP") received a letter from Plaintiff providing additional identifying information, including his social security number, and appealing ATF's June 2005 response.  (Id. ¶ 9 & Exhibit G.)  In August 2005, ATF received a second appeal from Plaintiff and a notice of change of address.  (Id. ¶ 11 & Exhibit I.)

 OIP promptly informed Plaintiff that ATF, by using the social security number he provided in his appeal, located responsive records and that ATF would send the releasable portions of his records to him directly.  (Id. ¶ 12 & Exhibit J.)  ATF responded separately to Plaintiff, by letter dated August 18, 2005, acknowledging his FOIA request based on the newly provided information and informing him that ATF wold mail responsive releasable records within twenty business days.  (Id. ¶ 13 & Exhibit K.)

 By letter dated September 1, 2005, ATF informed Plaintiff that his FOIA request was granted in part, released disclosable portions of the responsive documents it had located, and explained that the withheld information fell into FOIA Exemptions (b)(2) and (b)(7)(C).  As in the prior letters, ATF again provided him with instructions on how to file an administrative appeal.  (Id. ¶ 14 & Exhibit L.)

 In September 2005, OIP received Plaintiff's administrative appeal from the ATF's partial

release of information.  (Id. ¶ 15 & Exhibit M.)  OIP promptly acknowledged receipt of the

appeal and explained a decision would be forthcoming as soon as possible.  (Id. ¶ 16 & Exhibit

N.)  By letter dated November 13, 2006, OIP affirmed ATF's decision, finding that ATF

conducted an adequate, reasonable search and properly withheld information under FOIA

Exemptions (b)(2) and (b)(7)(C).  (Id. ¶ 17 & Exhibit O.)  The OIP decision included directions

for judicial review of OIP's action.  (Id.)  This civil action ensued.

## Legal Standards

Where no genuine dispute exists as to any material fact, summary judgment is required.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one

that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party

may be discharged by 'showing' -- that is, pointing out to the [Court] -- that there is an absence

of evidence to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting

Co., Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).

Once the moving party has met its burden, the non-movant may not rest on mere

allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid

summary judgment here, the Plaintiff (as the non-moving party) must present some objective

evidence that would enable the Court to find he is entitled to relief.  In Celotex Corp. v. Catrett,

the Supreme Court held that, in responding to a proper motion for summary judgment, the party

who bears the burden of proof on an issue at trial must "make a sufficient showing on an

essential element of [his] case" to establish a genuine dispute.  477 U.S. 317, 322-23 (1986).  In

Anderson the Supreme Court further explained that "the mere existence of a scintilla of evidence

3

in support of the Plaintiff's position will be insufficient; there must be evidence on which the jury

could reasonably find for the Plaintiff."  Anderson, 477 U.S. at 252; see also Laningham v. Navy,

813 F.2d 1236, 1242 (D.C. Cir.  1987) (the non-moving party is "required to provide evidence

that would permit a reasonable jury to find" in its favor).

In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure

is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the

Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive

determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

The summary judgment standards set forth above also apply to FOIA cases, which are

typically decided on motions for summary judgment.  See Cappabianca v. Commissioner, U.S.

Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) ("once documents in issue are

properly identified, FOIA cases should be handled on motions for summary judgment") (citing

Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).  In a FOIA suit, an agency is entitled to

summary judgment once it demonstrates that no material facts are in dispute and that each

document that falls within the class requested either has been produced, not withheld, is

unidentifiable, or is exempt from disclosure.  Students Against Genocide v. Dept. of State, 257

F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. DOJ, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the

Court and the Plaintiff with affidavits or declarations and other evidence which show that the

documents are exempt from disclosure.  Hayden v. NSA, 608 F.2d 1381, 1384, 1386 (D.C. Cir.

1979), cert. denied, 446 U.S. 937 (1980); Church of Scientology v. U.S. Dep't of Army, 611 F.2d

738, 742 (9th Cir. 1980); Trans Union LLC v. FTC, 141 F. Supp. 2d 62, 67 (D.D.C. 2001)

4

(summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'") (quoting Military Audit Project v. Casey, 656 F.2d 724, 738 (D.C. Cir. 1981)).  See also McGehee v. CIA, 697 F.2d 1095, 1102 (D.C. Cir. 1983), modified on other grounds, 711 F.3d 1076 (D.C. Cir. 1983); Citizens Commission on Human Rights v. FDA, 45 F.3d 1325, 1329 (9th Cir. 1995); Bowen v. FDA, 925 F.2d 1225, 1227 (9th Cir. 1991); Public Citizen, Inc. v. Dep't of State, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), aff'd in part, rev'd in part, 276 F.3d 634 (D.C. Cir. 2002).

## Argument

### I.    ATF Conducted An Adequate Search.

In responding to a FOIA request, an agency must conduct a reasonable search for responsive records.  Oglesby v. U.S. Dept. of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); Cleary, Gottlieb, Steen & Hamilton v. Dept. of Health, et al., 844 F. Supp. 770, 776 (D.D.C. 1993); Weisberg, 705 F.2d at 1352.  This "reasonableness" standard focuses on the method of the search, not its results, so that a search is not unreasonable simply because it fails to produce responsive information.  Cleary, Gottlieb at 777 n.4.  An agency is not required to search every record system, but need only search those systems in which it believes responsive records are likely to be located.  Oglesby, 920 F.2d at 68.  Consistent with the reasonableness standard, the adequacy of  the search is "dependent upon the circumstances of the case."  Truitt v. Dept. of State, 897 F.2d 540, 542 (D.C. Cir. 1990).  The fundamental question is not "whether there might

5

exist any other documents responsive to the request, but rather whether the search for those documents was adequate." Steinberg v. DOJ, 23 F.3d 548, 551 (D.C. Cir. 1994) (quoting Weisberg, 745 F.2d at 1485).

Thus, the reasonableness standard does not require the agency to prove that it located all responsive documents. See Nation Magazine v. U.S. Customs Serv., 71 F.3d 885, 892 n.7 (D.C. Cir. 1995); Miller v. Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985) ("'the search need only be reasonable; it does not have to be exhaustive.'") (citing Nat'l Cable Television Ass'n v. FCC, 479 F.2d 183, 186 (D.C. Cir. 1973)).

Even when a requested document indisputably exists or once existed, summary judgment will not be defeated by an unsuccessful search for the document so long as the search was diligent and reasonable. Nation Magazine, 71 F.3d at 892 n.7. Additionally, the mere fact that a document once existed does not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it. Maynard v. CIA, 986 F.2d 547, 564 (1st Cir. 1993).

The burden rests with the agency to establish that it has "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby, 920 F.2d at 68; see SafeCard Servs. v. SEC, 926 F.2d 1197, 1201 (D.C. Cir. 1991). "An agency may prove the reasonableness of its search through affidavits of responsible agency officials so long as the affidavits are relatively detailed, non-conclusory and submitted in good faith." Miller, 779 F.2d at 1383; Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927 (1980). Although the agency has the burden of proof on the adequacy of its search, the "affidavits submitted by an agency are

6

'accorded a presumption of good faith,'" Carney v. DOJ, 19 F.3d 807, 812 (2d Cir. 1994), cert.

denied, 513 U.S. 823 (1994) (quoting SafeCard Servs., 926 F.2d at 1200).  Thus, once the agency

has met its burden regarding adequacy of its search, the burden shifts to the requester to rebut the

evidence by a showing of bad faith on the part of the agency.  Miller, 779 F.2d at 1383.  A

requester may not rebut agency affidavits with purely speculative allegations.  See Carney, 19

F.3d at 813; SafeCard, 926 F.2d at 1200; Maynard v. CIA, 986 F.2d 547, 559-560 (1st Cir.

1993).

Here, the agency declaration thoroughly explains the use of, and scope of information in,

the  Treasury Enforcement Communications System ("TECS"), a law enforcement database used

by ATF and other law enforcement agencies to conduct criminal history checks.  (Chisholm

Decl. ¶ 38.)  The declaration explains the agencies' use of TECS, the kinds of information stored

in it, and why it made sense to rely on TECS in their search for responsive records.  (Id. ¶¶ 38-

40.)  In addition, the declaration explains why it was necessary to have additional identifying

information and why the results of the search are consistent with a reasonable search

methodology.  (Id. ¶¶ 40-42.)  For these reasons, the ATF is entitled to a presumption of good

faith, its search was reasonable, and therefore adequate under FOIA.  See also Boyd v. ATF, No.

05-1096 (RMU), 2006 WL 2844912 (D.D.C. Sep. 29, 2006) (finding ATF search using TECS

system adequate under FOIA); Ferranti v. ATF, 177 F. Supp. 2d 41, 47 (D.D.C. 2001) (similar).

## II.    ATF Properly Invoked Exemption 2.

Section 552 (b)(2) of FOIA exempts from mandatory disclosure records "related solely to

the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).  Exemption 2

applies primarily to two categories of materials: (1) internal agency matters so routine or trivial

7

that they could not be "subject to ... a genuine and significant public interest;" and (2) internal agency matters of some public interest "where disclosure may risk circumvention" of statutes or agency regulations.  Dep't of Air Force v. Rose, 425 U.S. 352, 369-70 (1976); Nat'l Treasury Employees Union v. U.S. Customs Service, 802 F.2d 525, 528-30 (D.C. Cir. 1986); Crooker v. ATF, 670 F.2d 1051, 1073-74 (D.C. Cir. 1981) (en banc).

The second category, sometimes referenced in the governing case law as the "high 2" category, see Schiller v. NLRB, 964 F.2d 1205, 1207 (D.C. Cir. 1992), exempts from mandatory disclosure documents relating to more substantive internal matters.  Id.  An agency is authorized to withhold documents in this category to the extent that disclosure would reveal techniques and procedures for law enforcement investigations or prosecutions; would disclose guidelines for law enforcement investigations; or would risk circumvention of an agency statute or impede the effectiveness of an agency's law enforcement activities.  Id; see also Crooker, 670 F.2d at 1073-74; Hardy v. ATF, 631 F.2d 653, 656 (9th Cir. 1980).

In this case, the ATF invoked Exemption 2 for internal administrative codes used in the TECS database.  (Chisholm Decl. ¶ 18.)  These codes appeared in print-outs of information from the database and indicated: (1) the terminal ID number, showing terminal was used and (2) the logical unit ID to show its mainframe connection, (3) the software program mapping code, routing codes, and codes linking the displayed screen to other programs, and (4) state law enforcement database and investigative information.  (Id. ¶ 20-21.)  These are sensitive information that, in the hands of computer literate individuals, could provide clues on the structure and use of TECS and expose the system to possible circumvention.  More broadly, this could also facilitate unauthorized access to ATF's database and interfere with investigations and

8

law enforcement.  (Id.) This information qualifies under both the "high 2" and the "low 2"

because it is both routine or trivial, e.g., the codes relating to location of the terminals used, and

sensitive to the ATF's law enforcement mission due to the risks that disclosure could undermine

ATF's effective use of TECS and its investigations more generally.  The ATF's invocation of

Exemption 2 was proper and should be upheld.

**III.    ATF Properly Invoked Exemption 7(C).**

The FOIA does not apply to matters that are:

> (7)  records or information compiled for law enforcement purposes,
> but only to the extent that the production of such law enforcement
> records or information . . . (C) could reasonably be expected to
> constitute an unwarranted invasion of personal privacy.

5 U.S.C. § 552(b)(7).  Thus, to rely on any of the Exemption 7 bases, an agency must meet the

so-called "threshold issues," as well as the substantive standards specific to the particular basis

within Exemption 7.

**A.    The ATF Satisfies the Exemption 7 Threshold Issues.**

Application of any of FOIA's exemptions in Exemption 7 requires the agency to satisfy

the threshold issues of, first, whether the agency has the requisite law enforcement purpose in

compiling the records at issue and, second, whether the information gathered has a sufficient

nexus to the law enforcement purpose.  See, e.g., Tax Analysts v. IRS, 294 F.3d 71, 76-79 (D.C.

Cir. 2002); Jefferson v. DOJ, 284 F.3d 172, 176-77 (D.C. Cir. 2002);  Campbell v. DOJ, 164

F.3d 20, 32 (D.C. Cir. 1998); Pratt v. Webster, 673 F.2d 408, 419 (D.C. Cir. 1982).

In Jefferson, the court drew a distinction between agencies gathering information as part

of any government agency's "oversight of the performance of duties by its employees," and

9

information sought as part of investigations into illegal conduct for which the agency might impose criminal or civil sanctions. 284 F.3d at 177. Thus, the rule from Jefferson provides a broadly applicable distinction based more on the agency's mission and reasons for collecting the information at issue.

Many types of agency activities have been upheld as having law enforcement purpose, even several that arguably go beyond the core law enforcement mission of investigating crimes that have been committed. See, e.g., Mittleman v. OPM, 76 F.3d 1240, 1241-43 (D.C. Cir. 1996) (OPM background investigation), cert. denied, 519 U.S. 1123 (1997); Heggestad v. DOJ, 182 F. Supp. 2d 1, 13 (D.D.C. 2000) (Hogan, J.) (IRS has law enforcement purpose); Center to Prevent Handgun Violence v. Dep't of Treasury, 981 F. Supp. 20 (D.D.C. 1997) (Robertson, J.) (collecting information on all repeat handgun sales); Doe v. DOJ, 790 F. Supp. 17, 20-21 (D.D.C. 1992) (background investigations).

In addition, the case law in this circuit is unambiguous that the agency need not tie its collection of information to any specific or ongoing investigation. See Tax Analysts, 294 F.3d at 78; Keys 830 F.2d at 342. This is fully consistent with the courts' broad acceptance that the 1986 amendments to FOIA relaxed the required threshold showing for Exemption 7. See, e.g., United States Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 780 (1989) (recognizing that the shift from "would constitute" standard to "could reasonably be expected to constitute" standard represents a congressional effort to ease considerably the burden in invoking Exemption 7); S. Rep. No. 221, 98th Cong., 1st Sess. 25 (1983) ("Substitute 'records or information' for 'investigatory records' as the threshold qualification for the exemption: This amendment would broaden the scope of the exemption to include 'records or information

10

compiled for law enforcement purposes,' regardless of whether they may be investigatory or noninvestigatory.").

Here, the ATF has met its burden under the threshold issues. The ATF's declaration fully explains the law enforcement functions of the agency, the law enforcement purposes of TECS and the law enforcement nature of the information that populates TECS. (Chisholm Decl. ¶ 22.) Moreover, the information Plaintiff seeks in this case is explicitly defined by his own request to consist of criminal prosecution records. (Complaint at 2.) Finally, the ATF explains the law enforcement purpose of the specific information at issue. (Chisholm Decl. ¶ 26.) Accordingly, the ATF obtained the information pursuant to law enforcement purposes and it meets the threshold issue for Exemption 7.

### B.    ATF's Withholdings Satisfy the Substantive Standards in Exemption 7(C).

Exemption 7(C) protects the identities of suspects and other persons of investigatory interest who are identified in agency records in connection with law enforcement investigations. Nat'l Archives & Records Admin. v. Favish, 541 U.S. 157, 172 (2004); Reporters Comm. for Freedom of the Press v. DOJ, 816 F.2d 730, 780 (D.C. Cir. 1987), modified on other grounds, 831 F.2d 1124 (D.C. Cir. 1987), rev'd on other grounds, 489 U.S. 749 (1989); Computer Prof'ls for Social Responsibility v. U.S. Secret Serv., 72 F.3d 897, 904 (D.C. Cir. 1996). Indeed, an agency in a FOIA case may categorically assert Exemption 7(C) to protect the identities of witnesses or other persons mentioned in law enforcement files in such a way as to associate them with criminal activity. Reporters Comm., 489 U.S. at 780; Nation Magazine, 71 F.3d at 893, 895-96; SafeCard Services, 926 F.2d at 1206.

The names of law enforcement officers who work on criminal investigations have also

11

traditionally been protected against release by Exemption 7(C).  Davis v. DOJ, 968 F.2d 1276, 1281 (D.C. Cir. 1992); Lesar v. DOJ, 636 F.2d 472, 487-488 (D.C. Cir. 1980).  Similarly, individuals who provide information to law enforcement authorities, like the law enforcement personnel themselves, have protectable privacy interests in their anonymity.  Computer Prof'ls for Social Responsibility, 72 F.3d at 904; Farese v. DOJ, 683 F. Supp. 273, 275 (D.D.C. 1987). The fact that the requester might be able to ascertain the individuals' identities through other means, or that their identities have been disclosed elsewhere, does not diminish their privacy interests.  Fitzgibbon v. CIA, 911 F.2d 755 (D.C. Cir. 1990); Weisberg, 745 F.2d at 1491.

     Once a privacy interest has been established, as here, it must be balanced against the public interest, if there is any, that would be served by disclosure.  Albuquerque Publ'g Co. v. DOJ, 726 F. Supp. 851, 855 (D.D.C. 1989).  The public interest in disclosure is limited to the FOIA's "core purpose" of shed[ding] light on an agency's performance of its statutory duties." Reporters Comm. for Freedom of the Press, 489 U.S. at 773.  This standard is not easily satisfied when law enforcement information pertaining to individuals is sought, for there "is no reasonably conceivable way in which the release of one individual's name . . . would allow citizens to know 'what their government is up to.'"  Fitzgibbon, 911 F.2d at 768.  See also Albuquerque Publ'g Co., 726 F. Supp. at 855-56 (no public interest in disclosure of sensitive information DEA obtained about individuals and their activities, where such material would not shed light on DEA's conduct with respect to the investigation).  Furthermore, the requester must not only demonstrate the existence of the public interest but also that the public interest is both significant and compelling, in order to overcome legitimate privacy interests.  Senate of Puerto Rico v. DOJ, 823 F.2d 574, 588 (D.C. Cir. 1987); Stone v. FBI, 727 F. Supp. 662, 667-69 (D.D.C. 1990),

12

aff'd, No. 90-5065, 1990 WL 134431 (D.C. Cir. Sep 14, 1990).

In this case, the ATF's declaration provides a full and proper justification for its use of Exemption 7(C) to withhold the names and identifying information of (1) law enforcement support staff employees, (2) law enforcement agents, and (3) third party individuals referenced in connection with the investigation either as witnesses or leads. (Chisholm Decl. ¶ 23.) There does not appear to be any public interest in disclosure of this information, relevant to advancing the purposes of FOIA. (Accord id. ¶ 27.) On the other side of the balance, there is a strong privacy interest in the third parties. (Id. ¶¶ 32-33.) In addition, the privacy interests of the law enforcement personnel is strong and should be protected. (Id. ¶¶ 29-31.) The balance is one-sided and summary judgment in favor of the ATF is appropriate.

**IV.    ATF Properly Segregated Purely Factual Information.**

The Court of Appeals for the District of Columbia Circuit has held that a District Court considering a FOIA action has "an affirmative duty to consider the segregability issue sua sponte." Trans-Pacific Policing Agreement v. United States Customs Service, 177 F.3d 1022, 1028 (D.C. Cir. 1999). The FOIA requires that, if a record contains information that is exempt from disclosure, any "reasonably segregable" information must be disclosed after deletion of the exempt information unless the non-exempt portions are "inextricably intertwined with exempt portions." 5 U.S.C. § 552(b); Mead Data Cent., Inc. v. United States Dept. of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977).

In order to demonstrate that all reasonably segregable material has been released, the agency must provide a "detailed justification" rather than "conclusory statements." Mead Data, 566 F.2d at 261. The agency is not, however, required "to provide such a detailed justification"

13

that the exempt material would effectively be disclosed.  Id.  All that is required is that the government show "with 'reasonable specificity'" why a document cannot be further segregated. Armstrong v. Executive Office of the President, 97 F.3d 575, 578-79 (D.C. Cir. 1996). Moreover, the agency is not required to "commit significant time and resources to the separation of disjointed words, phrases, or even sentences which taken separately or together have minimal or no information content."  Mead Data, 566 F.2d at 261, n.55.

In this case, the ATF expressly recognized its obligation to segregate releasable, factual information by describing its obligations in its declaration and explaining that "every page" of the responsive records was reviewed for segregability.  (Chisholm Decl. ¶ 40.)  In addition, the ATF's description of the information redacted indicates that the information largely consistently of names, identifying information, computer codes, and other similarly compact items that are unlikely in the extreme to contain information further segregable from the exempt information. This is sufficient to satisfy the agency's segregation obligation under Mead Data and FOIA.

14

**<u>Conclusion</u>**

For these reasons, the ATF respectfully moves for summary judgment in its favor.


June 22, 2007                                    Respectfully submitted,


                                                 _____
                                                 JEFFREY A. TAYLOR, D.C. Bar # 498610
                                                 United States Attorney


                                                    /s/
                                                 _____
                                                 RUDOLPH CONTRERAS, D.C. Bar # 434122
                                                 Assistant United States Attorney


                                                    /s/
                                                 _____
                                                 ALAN BURCH, D.C. Bar # 470655
                                                 Assistant United States Attorney
                                                 555 4th St., N.W.
                                                 Washington, D.C. 20530
                                                 (202) 514-7204
                                                 alan.burch@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARCUS DEANGELO JONES, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.  06-0461 (RMU) |
| U.S. DEPARTMENT OF JUSTICE, and | ) | |
| U.S. BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, | ) | |
| Defendants. | ) | |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to Rule 56 and Local Rules 7(h) and 56.1, Defendants, the Department of Justice, and the Bureau of Alcohol, Tobacco, Firearms and Explosives, respectfully submit the following statement as to material facts that are not in genuine dispute and which support summary judgment in Defendants' favor.

1. Document numbers 2, 6-8, and 13 include data displayed on screen prints of TECS records, the disclosure of which could provide information on the structure of the mainframe system used, exposing the system to possible circumvention and/or facilitate unauthorized access to ATF's database and interfere with investigations and law enforcement.  (Vaughn Index at 1.)

2. Additionally, these documents included the names of ATF investigators.  (Id.; Chisholm Decl. ¶¶ 18-21, 26-36.)

3. Document numbers 3-5, 10-12, 109-111, 146-148, 149-151 were obtained pursuant to

ATF's law enforcement operations because they consist of evidence gathered during an investigation, and included the names of witnesses and ATF investigators and state police officers. (Vaughn Index at 1, 3, 5.)

4. Additionally, these documents contain internal administrative procedures, including law enforcement computer codes. (Id.; Chisholm Decl.¶¶ 18-21.)

5. Document numbers 14-17, 18-19, 22-24, 25-27, 28-29, 33-36, 37, 40-41, 42-44, 45-46, 47-48, 49-50, 51-108, 112-116, 117-122, 123-124, 125-131, 132-138, 139-141, 142-143, 144-145 were obtained pursuant to an ATF's law enforcement operations and state and local law enforcement operations, because they consist of a compilation of state and local police records, including: intake forms, judgments, criminal history records, indictments, records of arrest, inmate transfer forms, property information reports, follow-up reports, and fingerprinting forms. (Vaughn Index at 1-5; Chisholm Decl. ¶¶ 18-21.)

6. The disclosure of redacted information on these documents could provide information on the structure of the mainframe system used, exposing the system to possible circumvention and/or facilitate unauthorized access to state and local law enforcement databases and interfere with investigations. (Vaughn Index at 1-5; Chisholm Decl. ¶¶ 18-21, 22-33.)

7. Additionally, these documents include the names of law enforcement investigators, and support staff and witnesses compiled for law enforcement purposes. (Vaughn Index at 1-5; Chisholm Decl. ¶¶ 18-21, 22-33.)

8. Additionally, the names withheld are in a law enforcement file and were compiled for law enforcement purposes. (Vaughn Index at 2-3; Chisholm Decl. ¶¶ 19-33.)

2

9.    The ATF searched the systems of records reasonably likely to contain responsive records, and used searches reasonably designed to locate all responsive materials, and the results of the search are consistent with common sense and do not indicate any reason to think responsive records were missed.  (Chisholm Decl. ¶¶ 34-39.)

10.    The ATF reviewed every page of responsive material it located and the redactions and withholdings it made did not contain any reasonable segregable, purely factual information releasable under FOIA.  (Id. ¶ 40.)


June 22, 2007                                    Respectfully submitted,

 

 

_____

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

 

  /s/
_____

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

 

  /s/
_____

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of June 2007, I caused the foregoing Motion for Summary Judgment, supporting memorandum and exhibits, and proposed order to be served on *pro se* Plaintiff via First Class Mail addressed as follows:

> Marcus Deangelo Jones
> R#12520-045
> USP COLEMAN I
> U.S. Penitentiary
> P.O. 1033
> Coleman, FL  33521

                              __/s/_____
                              ALAN BURCH, D.C. Bar # 470655
                              Assistant United States Attorney
                              555 Fourth St., N.W.,
                              Washington, D.C. 20530