UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Marcus D. Jones )<br>)<br>    Plaintiff, )<br>)<br>              v. )<br>)<br>U.S. Department of Justice, et. al., )<br>Bureau of Alcohol, Tobacco, Firearms )<br>and Explosives, )<br>)<br>    Defendant )<br>) | Case No. 06-0461 |

DECLARATION OF PETER J. CHISHOLM,
ACTING CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

I, Peter J. Chisholm, do hereby depose and say:

    1.    I am the Acting Chief, Disclosure Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice (DOJ). In this capacity, I receive all requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. §552, and the Privacy Act of 1974 (PA), 5 U.S.C. §552a. In this capacity, I also review all requests referred to ATF from other agencies that have located ATF-originated documents in their records while processing their FOIA and PA requests. I am responsible for processing all FOIA and PA requests, initiating searches relevant to such requests, supervising the determination of what records should be disclosed, processing all documents referred to ATF and to other agencies, and recording all administrative appeals filed with ATF.

2. I declare that the statements made in this declaration are on the basis of knowledge acquired by me in the performance of my official duties. I am familiar with the procedures followed by this office in responding to the FOIA request made by Mr. Marcus D. Jones. ATF believes it properly denied portions of Mr. Jones' request under FOIA Exemptions (b)(2) and (b)(7)(C).

### **Chronology**

3. On May 16, 2001, ATF's Disclosure Division received a FOIA request dated May 10, 2001, from Mr. Jones, in which he requested all information regarding his acquisition of a firearm in August 1999.[1] See Exhibit A, letter dated May 10, 2001.

4. By letter dated May 24, 2001, the Disclosure Division replied to Mr. Jones' request for information. The Disclosure Division requested that Mr. Jones provide additional information regarding the purchase of a firearm at Callaway Pawn and Gun in order to ascertain whether such records existed. See Exhibit B, letter dated May 24, 2001.

5. On June 25, 2001, the Disclosure Division received by mail a memorandum dated June 19, 2001 from the Kansas City Field Division (KCFD) regarding Mr. Jones' request. The FOIA request, along with the entire copy of the investigative file, was forwarded to the Disclosure Division. See Exhibit C, letter dated June 19, 2001.

6. By letter dated July 7, 2001, the Disclosure Division informed Mr. Jones that his FOIA request was granted in part. The letter advised Mr. Jones that the Disclosure Division was releasing disclosable portions of documents that contained

---

[1] Mr. Jones also sent a FOIA request dated May 10, 2001 to the Kansas City Field Division. However, this request was forwarded to the Disclosure Division for further action. See ¶ 5.

2

exempt information and withholding portions of the documents pursuant to FOIA Exemptions (b)(2) and (b)(7)(c). Further, the requestor was provided with instructions on how to file an administrative appeal. See Exhibit D, letter dated July 7, 2001.

7.    On June 15, 2005, the Disclosure Division received by mail a letter dated June 8, 2005 from Mr. Jones requesting that ATF provide 302 reports and witness statements from a Columbia Police Department[2] investigation in which he claimed ATF participated. See Exhibit E, letter dated June 8, 2005.

8.    By letter dated June 16, 2005, the Disclosure Division replied to Mr. Jones' request and informed him that a search to locate responsive documents was unable to be completed due to the lack of information provided. The letter requested that Mr. Jones provide further identifying information, including his social security number. The letter also explained that 302 reports are generated by the Federal Bureau of Investigation (FBI), not the ATF. Furthermore, Mr. Jones was provided with instructions on how to submit an administrative appeal. See Exhibit F, letter dated June 16, 2005.

9.    On July 7, 2005, the Office of Information and Privacy (OIP) received by mail a letter dated June 26, 2005, in which Mr. Jones provided additional identifying information including his social security number. Plaintiff filed an administrative appeal of ATF's June 16, 2005, response. See Exhibit G, letter dated June 26, 2005.

10.    By letter dated July 14, 2005, OIP acknowledged receipt of Mr. Jones' administrative appeal and regretted to inform him that due to a substantial backlog, the resolution of his appeal would be forthcoming as soon as possible. See Exhibit H, letter dated July 14, 2005.

---

[2] The police department is in Columbia, Missouri.

3

11.     On August 17, 2005, the Disclosure Division received by mail a letter dated August 10, 2005, in which Mr. Jones filed a second appeal and a notice of change of address.  See Exhibit I, letter dated August 10, 2005.

12.     By letter dated August 15, 2005, OIP informed Mr. Jones that using the social security number that Mr. Jones provided in his appeal, but had not provided earlier, ATF was able to locate responsive records.  Further, OIP informed Mr. Jones' that ATF would send the releasable portions of his records to him directly, and provided instructions on how to file an administrative appeal.  See Exhibit J, letter dated August 15, 2005.

13.     By letter dated August 18, 2005, ATF acknowledged Mr. Jones' FOIA request.  ATF informed Mr. Jones that a response would be mailed to him within twenty business days from the date of receipt.  See Exhibit K, letter dated August 18, 2005.

14.     By letter dated September 1, 2005, ATF informed Mr. Jones that his FOIA request was granted in part.  The letter advised Mr. Jones that ATF was releasing disclosable portions of documents that contained exempt information and withholding portions of the documents pursuant to FOIA Exemptions (b)(2) and (b)(7)(C).  In addition, the requestor was again provided with instructions on how to file an administrative appeal.  See Exhibit L, letter dated September 1, 2005.

15.     On September 22, 2005, OIP received a letter from Mr. Jones dated September 15, 2005, in which Mr. Jones filed an administrative appeal from the ATF's partial release of information.  Plaintiff complained that ATF withheld requested information and notified ATF of his intention to seek judicial review if he did not receive a response within thirty days.  See Exhibit M, letter dated September 15, 2005.

16. By letter dated September 30, 2005, OIP acknowledged receipt of Mr. Jones' administrative appeal and regretted to inform him that due to a substantial backlog, the resolution of his appeal would be forthcoming as soon as possible. See Exhibit N, letter dated September 30, 2005.

17. By letter dated November 13, 2006, OIP affirmed ATF's action of September 1, 2005. OIP stated that ATF properly withheld information protected from disclosure under FOIA pursuant to 5 U.S.C. § 552(b)(2) and 5 U.S.C. § 552(b)(7)(C). Further, OIP informed Mr. Jones of its determination that ATF conducted an adequate, reasonable search of its files for records and included directions for judicial review of OIP's action. See Exhibit O, letter dated November 13, 2006.

## Exemptions

### FOIA EXEMPTION (b)(2)
### INTERNAL ADMINISTRATIVE MATTERS

18. Pursuant to Exemption (b)(2), the Disclosure Division withheld:[3]

   ➢ Internal administrative codes used in criminal law enforcement databases

19. Exemption (b)(2) of the FOIA protects from disclosure material "related solely to the internal personnel rules and practices of an agency," including predominantly internal matters the disclosure of which would risk circumvention of agency regulations or statutes. 5 U.S.C. § 552(b)(2).

20. Among other things, Exemption (b)(2) is being invoked for information contained in the Treasury Enforcement Communications System (TECS), a law enforcement database used by ATF to conduct criminal history checks. The data

---

[3] Upon review pursuant to this litigation, it has been determined that the two words withheld pursuant to (b)(2) on page 9 of the redacted material does not qualify for (b)(2) exemption. ATF anticipates forwarding an unredacted copy of this page to Mr. Jones.

5

displayed on screen prints of TECS records is redacted for the following reasons. Information displayed identifies the terminal from which a query was accomplished by a terminal ID and a logical unit ID to show its mainframe connection. The remaining data relates to the software application that identifies how the displayed record was retrieved, specifically: the software program mapping code; the routing codes within the program that allow the query to move from screen to screen; and, the codes that allow movement to other programs from the displayed screen. These are pieces of sensitive information, that if in the hands of computer literate individuals with mainframe knowledge, could provide information on the structure of the mainframe system used, exposing the system to possible circumvention. Further, disclosure could facilitate unauthorized access to ATF's and local law enforcement databases and interfere with investigations and law enforcement.

21.    The documents released to Mr. Jones also include computer and administrative codes from other local law enforcement computer databases and law enforcement files. The principles described in above paragraph regarding ATF's TECS Database apply equally to these databases.

## FOIA EXEMPTION 7 THRESHOLD

22.    ATF is a criminal and regulatory enforcement agency within the Department of Justice and is responsible for, among other things, enforcing Federal firearms laws including the Gun Control Act of 1968, 18 U.S.C. §§ 921-930, the Federal explosives laws, 18 U.S.C. Chapter 40, and the National Firearms Act, 26 U.S.C. Chapter 53. See. 68 Fed. Reg. 4923 (2003).

## FOIA EXEMPTION (b)(7)(C)
## UNWARRANTED INVASION OF PERSONAL PRIVACY

6

23. Pursuant to Exemption (b)(7)(C) the Disclosure Division withheld:

- the names of Federal and state law enforcement support staff employees as well as information by which those individuals could be identified

- the names of Federal and state law enforcement agents as well as information by which those individuals could be identified

- the names of third party individuals referenced in connection with the investigation either as witnesses or leads, as well as information by which those individuals could be identified

24. FOIA Exemption (b)(7)(C) protects records or information compiled for law enforcement purposes, the production of which could reasonably be expected to constitute an unwarranted invasion of personal privacy. 5 U.S.C. § 552(b)(7)(C).

25. Exemption (b)(7)(C) requires a balancing of the individual's right to personal privacy against the public's interest in shedding light on an agency's performance of its statutory duties. The requester's identity, purpose in making the request, and proposed use of the requested information have no bearing on this balancing test.

26. The individuals' names and identifying information referenced in paragraph 27 above were related to the investigation of charges regarding a felon in possession of a firearm and reports of Mr. Jones' criminal history and as such, meet Exemption 7's threshold requirement of "records or information compiled for law enforcement purposes." Specifically, the documents included: Reports of Investigation, criminal history reports, indictments, judgments and other such documents in law enforcement files.

27. Revealing this information is unlikely to add to the public's understanding of how an agency works or how well it performs its duties. On balance, the Disclosure Division determined that the substantial privacy interest, which is protected by withholding this information, outweighs any minimal public interest that would be served by its release. Such a release would be "unwarranted" as required by 5 U.S.C. § 552(b)(7)(C).

28. Exemption (b)(7)(C) of the FOIA protects from disclosure records or information compiled for law enforcement purposes to the extent that the disclosure of such law enforcement records or information could reasonably be expected to constitute an unwarranted invasion of privacy. 5 U.S.C. § 552(b)(7)(C).

29. ATF withheld the names, addresses, phone numbers, and other identifying information related to law enforcement officers and personnel and other individuals who participated in either as witnesses or informants or were the subjects of the investigation.

30. ATF asserted Exemption (b)(7)(C) to protect the identities of ATF Special Agents and other law enforcement personnel, such as supervisory and technical personnel who were involved in law enforcement operations. The identities of ATF Special Agents and other law enforcement personnel that appear in law enforcement records are protected since disclosure might seriously prejudice their effectiveness in conducting investigations to which they are assigned or subject them to unwarranted harassment.

31. In determining whether to identify ATF Special Agents and other law enforcement personnel, ATF balanced the interest in disclosure against the individuals' privacy interest. Mr. Jones did not assert any discernible public interest in this particular type of information. ATF determined that the privacy interests of law enforcement

personnel substantially outweigh any public interest, and that the names of law enforcement personnel would not be disclosed. The fact that Mr. Jones may know, or be able to independently determine the identities of some agents or other law enforcement personnel whose names have been withheld does not diminish the exemption's protection of these individuals. Consequently, the deleted information is exempt under Exemption (b)(7)(C).

32. The third parties referenced in the responsive files are described in sufficient detail to allow for the identification of those third parties by persons familiar with the circumstances and facts of ATF's investigation. ATF determined that third parties could reasonably be expected to be embarrassed and humiliated by being associated with this investigation. Further, ATF determined that the references to witnesses in the responsive files have the very real potential to endanger such witnesses or cause harassment and harm to the witness' lives and reputations. It seems from Mr. Jones' criminal history that he has a propensity towards violence and has escaped from prison in the past. Therefore, the protection of these witnesses is particularly important. In addition, disclosure may well discourage future witnesses from cooperating with ATF. After balancing the interests at stake, ATF determined that the types of personal information contained within its files must be withheld because disclosure of the information could reasonably be expected to cause the third parties referenced in its files and third party witnesses embarrassment, harassment, and harm, and would do little, if anything at all, to aid the public's understanding of the ATF.

33. ATF also invoked Exemption (b)(7)(C) to protect the names and identifying information of third parties who were investigated by ATF. ATF determined

that the disclosure of this information could reasonably be expected to constitute an unwarranted invasion of these third parties' privacy, because being associated with ATF's criminal investigation into unlawful actions carries a stigmatizing and negative connotation. Thus, ATF determined that the third parties possess a substantial privacy interest in not having this information disclosed. After the ATF identified the substantial privacy interests at stake, ATF balanced those interests against any public interest in the disclosure. ATF determined that because the disclosure of the names and identities of these third parties would not shed any light on ATF's activities, it could not identify any discernible public interest in the disclosure.

## Adequacy of Search

34. ATF's Disclosure Division executed an independent and thorough search for all responsive materials responsive to plaintiff's FOIA request. All indices and file systems, including TECS, that would contain information pertaining to Mr. Jones were reasonably searched.

35. Upon receipt of plaintiff's FOIA request, the Disclosure Division executed an independent and thorough search for all responsive materials. The first step that was taken in conducting the search was to query the TECS.[4] TECS is a text-based database, owned by the Bureau of Customs and Border Protection, Department of Homeland Security, which contains information that may be of interest to law enforcement agencies. TECS is a computerized information system designed to identify individuals and businesses suspected of or involved in violation of federal law. TECS is also a communications system permitting message transmittal between Federal law

---

[4] TECS database is utilized by ATF to locate records within our Criminal Investigation Report System of Records. See 68 Fed. Reg. 3553.

10

enforcement offices and other international, state, and local law enforcement agencies. TECS provides access to the FBI's National Crime Information Center (NCIC) and the National Law Enforcement Telecommunication Systems (NLETS) with the capability of communicating directly with state and local enforcement agencies. ATF uses TECS to locate records within the Department of Justice's Privacy Act system of records entitled "Criminal Investigation Report System."

36.     ATF records located within TECS include: wanted persons and fugitives; known and suspected violators of laws falling within the jurisdiction of ATF; felons and dishonorably discharged veterans who have requested relief to own firearms and/or explosives under the Gun Control Act of 1968; violent felons; and gangs and terrorists. The TECS system contains seven record subsections: People, Businesses, Aircraft, Firearms, Vehicles, Vessels, and Things. Bureau-wide, ATF performs an average of 130,000 queries per month against records in the following subsections: People, Businesses, Firearms, and Vehicles.  These queries reveal ATF Investigation numbers that correspond to a specific field division where any files would be located. Accordingly, because the TECS database contains the names of the individuals ATF has investigated, it was the place most likely to locate responsive records.

37.     The Disclosure Division was initially unable to find a match due to a lack of identifying information regarding Mr. Jones.  A TECS II search was performed on July 18, 2005, which provided twenty-eight hits.  No hits matched Mr. Jones' date of birth. The Disclosure Division requested Mr. Jones' social security number in order to perform another search.

38. Upon receipt of Mr. Jones' social security number which he provided in his appeal to OIP, the Disclosure Division located all records related to plaintiff in the Kansas City ATF Field Division and retrievable under Criminal Investigation Number 783020-00-0102. Pursuant to a request from the Disclosure Division, ATF's Kansas City Field Division undertook a search that located all criminal case files within their office that were retrievable by the plaintiff's full name and Criminal Investigation Number 783020-00-0102.

39. I have been informed by the Kansas City Field Division that, to the best of my knowledge, I have been provided with all records responsive to plaintiff's request. As such, and for the reasons described above, ATF has conducted a search of all locations likely to contain responsive documents using methods reasonably expected to uncover all relevant documents.

### Segregability

40. My staff reviewed each page of the material identified as responsive to determine whether all non-exempt, reasonably segregable information was released to plaintiff. As a result of this review, it has been determined that all non-exempt, reasonably segregable information has now been provided to plaintiff. The Vaughn Index attached hereto describes in detail each document and all meaningful information contained therein.

41. I declare under penalty of perjury that the foregoing is true and correct. Executed this 22nd day of June, 2007.

*[signature]*
Peter J. Chisholm
Acting Chief, Disclosure Division