UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS DEANGELO JONES, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Action No.: 06-0461 (RMU) |
| : | |
| UNITED STATES DEPARTMENT OF : | |
| JUSTICE *et al.*, : | |
| : | |
| Defendants. : | |

**ORDER**

DIRECTING THE PLAINTIFF TO RESPOND TO
THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

On June 22, 2007, the defendants filed for summary judgment. The plaintiff is proceeding *pro se* in this matter. Providing *pro se* litigants with the necessary knowledge to participate effectively in the trial process is important. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Although district courts do not need to provide detailed guidance to *pro se* litigants, they should supply minimal notice of the consequences of not complying with procedural rules. *Id.*

The court will rule on the defendants' motion taking into consideration the facts proffered by the plaintiff in his complaint, along with his response or opposition to the motion, and the entire record of the case. The court hereby notifies the plaintiff that a failure to respond to the defendant's motion may result in the court granting the motion and entering judgment in favor of the defendant. *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). Because the defendants have filed a motion for summary judgment, the plaintiff is also advised that the court will accept as true "any factual assertions in the [defendants'] affidavits" unless the plaintiff "submits his

own affidavits or other documentary evidence contradicting the assertion." *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992) (quoting *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)).

Rule 56(e) of the Federal Rules of Civil Procedure provides specifically that

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgement, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Thus, parties such as the plaintiff, against whom a motion for summary judgment has been filed, must rebut the moving party's affidavits with other affidavits or sworn statements. Simple allegations that the moving party's affidavits are incorrect are not sufficient. For these purposes, however, a verified complaint will serve as an affidavit. *See Neal*, 963 F.2d at 457-58.

Accordingly, it is this 25th day of June, 2007, hereby

**ORDERED** that the plaintiff shall respond to the defendants' motion within 30 days of this order. If the plaintiff does not respond by that date, the court may treat the motion as conceded and enter judgment in favor of the defendants.

> RICARDO M. URBINA
> United States District Judge