IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS DEANGELO JONES,

    Plaintiff,

vs.                                    Civil No.06-0461 (RMU)

U.S. DEPARTMENT OF JUSTICE, AND

BUREAU OF ALOCHOL, TOBACCO,
FIREARMS AND EXPLOSIVES,

    Defendants.

PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSITION
TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT.

    Plaintiff, Marcus Jones, ("Jones"), pro se, files the instant Memorandum in Opposition of Defendants motion for summary Judgment. In support Jones states:

BACKGROUND.

    On or about June 8, 2005, Jones filed a Freedom of Information Request ("FOIA") to the ATF requesting agent reports, witness interviews, investigative notes and findings from a drug investigation from the Columbia Police Department. (DE#17, attachment 3, Exhibit E).

    The Atf responded requesting additional information. Jones responded in July of 2000, providing the ATF with additional infromation. (DE#17 attachment 3, Exhibit G)

RECEIVED
JUL 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On or about September 1, 2005, the ATF, responded and provided Jones with evidence and reports related to a firarms investigation that was not the subject of the FOIA request. (DE#17; Attachment 3, Exhibits L;M; and N).

On Janurary 10, 2007, Jones notified the ATF of his address change. (Declaration on Marcus Jones ¶7, and Exhibit page 1). The ATF had not responded. This civil action then followed.

Jones filed a motion for summary Judgement. (DE# 12), and the De3fendants or ATF did not respond to the complaint or Jones motion for Summary Judgment. In turn the ATF filed it own motion for Summary Judgment. (DE#17)

## LEGAL STANDARD

In considering a Motion for Summary Judgment, the "evidence of the non-moving party is to be believed, and all justifiable inferences is to be drawn in his favor." ANDERSON V. LIBERTY LOBBY INC., 477 U.S. 242,255 (1986).

In a FOIA suit, the moving party, an agency (as in this case) is entitled to Sumary Judgment once it demonstrates that no material facts are in dispute and each document that falls within the class requested has either been produced, not withheld, is unidentifiable, or is exempt from disclosure. STUDENTS AGAINST GENOCIDE V. DEPT. OF STATE, 275 F.3d 828,833 (D.C.Cir.2001); WEISBERG V. DOJ, 627 F.2d 365,368 (D.C.Cir. 1980).

Thus, to avoid Summary Judgment, the non moving party must present some objective evidence that could demonstrate a genuine dispute over a material fact that would entitle him to relief. See, CELOTEX CORP. V. CATRETT, 477 U.S. 317,322-23 (1986). A dispute

over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party. OLIVER V. DIGITAL EQUIPMENT CORP., 846 F.2d 103,105 (1st Cir. 1988). "Only disputes over facts that might affect the outcome of the suit are material." ANDERSON, 477 U.S. at 248.

### ARGUMENT.

In responding to FOIA request, an agency must conduct a reasonable search for responsive records. TRUITT V. DEPT. OF STATE, 897 F.2d 540,542 (D.C.Cir. 1990). In meeting the burden of proving the reasonableness of a search, "the agency may submit affidavits or declarations that explain, in reasonable detail, the scope and method of the agency's search: '" In the absence of countervailing evidence or apperent inconsistency of proof, [such affidavit] will suffice to demonstrate compliance with the obligation imposed by the FOIA.'" BENNETT V. DRUG ENFORCEMENT ADMIN., 55 F.Supp.2d 36,39 (D.C.C 1999); PERRY V. BLOCK, 684 F.2d 121,127 (D.C.Cir. 1982).

Here, Jones avers that the agency fail to conduct a adequate search and the declaration submitted by the agancy is made in bad faith. In support Jones states:

1.) Jones requested in his FOIA requested evidence collected in a drug investigation from the Columbia Police Department. An investigation that the ATF acted as a liason agency collecting evidence to provide to the Federal Prosecutors. (n.1) However,

---

(n.1) Jones ask the Court to notice that there was two separate investigation of Jones which the ATF participated in both. The first was the drug investigation, See United States v. Jones, 275 F.3d 673 (8th Cir.2001). The Second was the Firearms investigation, See United States v. Jones, 266 F.3d 804 (8th Cir.2001).

the ATF only conducted its search and provided Jones with information concerning the firearms investigation. (Decl. of Peter Chrisolm ¶ 26); and (DE#17; Attachment 2).

2.) The Declaration of Peter Chisolm, states that all resords were searched. This is wholly false because; (a) The Excutive Office of the United States Attorneys (EOUSA), said that the ATF participated in the Drug investiagtion and possessed according to their records 88 pages and a cassette tape. None of which Peter chisolm identified in his declaration or vaughn index. (Decl. M.Jones ¶ 8 and exhibit page 5).;

(b). The Declarant Peter Chisholm, in 2004, wrote JOnes a letter concerning the records (Decl. M.Jones ¶8, and exhibit 5), of the drug investigation and now contradicts his statement.;

(c). The ATf's search in the Treasury Enforcement Communications Systems (TECS), is not used by all enforcement agencies and would not produce responsive records to Jones request. Because the TECS search as sused by the ATF to search for records concerning Jones drug investigation would not or could not produce responsive records because the TECS only locates records for: wanted persons; felons; gangs; terrorist; and discharged veterans. (Decl. Peter Chisholm ¶ 36); (DE#17 attachment 2).

Moreover the Federal Bureau of Investigation conducts its search through a "Central Records System" and not the TECS. The Drug Enforcement Administration conducts is search through a Narcotic and Dangerous Drug Information System and not the TECS.

d.) The ATF has hedden files. The ATF did not disclose these records in Jones' 2001 request. The EOUSA stated that the ATF was in possession of records. The ATF acknowledged the records by did not conduct a independant search of its records and files. Now again Jones requests a search for records and the ATF again denied the records exist. (Decl.M.JOnes ¶10).

For the reasons stated above the ATF fail to conduct a reasonable search. The allegations, that it conducted a search through its TECS system does not by itself provide that a search was was reasonable under the circumstances of this case. TRUITT, 897 F.2d at 542 (Adequacy of the search is dependant upon the circumstances of the case".)

Here, Jones provided the ATF with specific records of fact that it is in possession of the reqesteed documents for it to conduct a search. An once Jones has made this showing, "the agency cannot limit itself to one method or system of searching for documents [as done here] if the requesting party has '"established a sufficient predicate to justify searching for a particular type of record. CAMPBELL V. U.S. DEPT OF JUSTICE, 164 F.3d 20,28 (D.C.Cir. 1998); BENNETT, 55 F.Supp.2d at 40.

## CONCLUSION

Jones respectfully request that Summary Judgment for the Defendants be denied, and Judgement for relief entered in Plaintiffs favor.

RESPECTFULLY SUBMITTED,

MARCUS D. JONES