IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS DEANGELO JONES,

        Plaintiff,

v.                          Civil No. 06-0461 (RMU)

U.S. DEPARTMENT OF JUSTICE, AND

U.S. BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES,

        Defendants.

RECEIVED
JUL 1 9 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION FOR ENTRY OF JUDGMENT FOR PLAINTIFF.

Plaintiff, Marcus Jones, ("Jones"), pro se, respectfully moves for judgment in this case, pursuant to Federal Rules of Civil Procedure 8(b);(d);, F.R.Civ.P 56, and F.R.Civ.P 57. In support for judgment Jones states:

### I. JONES IS ENTITLED TO JUDGMENT BECAUSE THE DEFENDANT FAIL TO DENY THE COMPLAINT OR STATE A DEFENSE.

The Defendants in the case sub judice after being ordered to respond to Jones pending Freedom of Information Complaint and pending motions. Did not comply with Fed.R.Civ.P Rule 8, the defendants did not file a defense from of denial, to Jones complaint that it was withhilding information concerning a drug investigation which the defendants participated in acting a a liason agency.(n.1) (DE#1;pg.2 ¶1; page 3 ¶ 5).

---

(n.1) Citations to the record are in the form (DE#X:Y), where X is
    the clerks docket entry number, and the Y is the page of the
    document.

The defendants merely filed a Motion for Summary Judgment arguing matters that are not the subject of the complaint and not relevant to the issues presented. Jones complaint is about the Defendants withholding information concerning a drug investigation which the defendants acted as a liason agency. (DE# 1: 3 ¶5, and exhibit page 6).

Jones does not complain about the withholding of information concerning a firearms investigation.

The failure of the Defendants to file Defense form of denial and failing to deny the complaint warrants judgment in Jones' favor.

### II. THE DEFENDANTS FAIL TO RESPOND TO JONES' MOTION FOR SUMMARY JUDGMENT,

On June 13, 2006, Jones placed in the Federal Correctional Complex's , mail a Motion for Summary Judgment, Declaration of Marcus D. Jones, and a Memorandum of Points and Authorities in Support of Summary Judgement. (DE#     ).

Even After being ordered to respond by the Court to the pending motions. The Defendants not only did not file defensive objection or deny Jones' complaint, but remained silent on Jones' motion for summary Judgment.

The Defendants in this case are not pro se litigants and is well trained in the law. The Defendants were aware that its failure to respond to Jones' motion or in opposing Jones' motion it must provide statements of genuine issues of material fact, with specific references to evidence, for Jones' statements of material facts which defendants contest. This was not done.

The defendants failure to respond with sufficient evidence, must deem the defendants response waived and Jones' factual statements admitted. JACKSON, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, 101 F.3d 145,151 (D.C.Cir. 1996); TRAWICK V. HAUTMAN, 151 F.Supp.2d 54,58-59 (D.C.C. 2001).

The defendants motion for Summary Judgment cannot be deemed sufficient or construed to serve as the basis to respond to Jones' complaint or Motion for Summary Judgment, for two reasons: First, Jones complaint and Summary Judgment Motion alleged the withholding of information about a drug investigation, with proof that those records are in the defendants possession, and that the Defendants response in sending records concerning a different investigation was not responsive to the request.
Finally, The Defendants cannot deny it did not participate in the investigation or documents did not originate with it because of the evidence presented. (DE# 1; pg.3 ¶ 5 and exhibit 6).

For this second reason, the Defendants failure to respond to Jones motion for Summary Judgment warrants Judgment in Jones' favor.

### III. JONES IS ENTITLED TO DECLATORY JUDGMENT AS THERE IS NO CONTROVERSY GIVEN RAISE TO UNDISPUTED FACTS.

Jones is entitled to Declatory Judgement because there is no controversy given to undisputed facts. The Defendants never responded to Jones' complaint or motion for Summary Judgement.

It is undisputed that the Defendants are in possession of records related to Jones drug investigation. (DE# 1: pg.3, exhibit page 6); ALSO SEE, Decl. of M.Jones ¶ 6, and exhibit page 5).

The defendants refuses to turn over the records and apperently has a hidden file which the information is stored.

WHEREFORE, Jones prays for all the reasons stated above, the Court order the Following:

1.) Declaratory relief in that the defendants be declared in violation of the FOIA:

2.) Injunctive relief in that the Defendants be order to provide Jones acces to all records free of cost within 30 days of this order;

3.) Sanctions be imposed against the Defendants in knowingly and willfully depriving Jones of access due;

4.) Grant Jones attorney fees/ research fee/clerical fees that he has incurred: And

5.) Any further relief the Court deems necessary.

EXECUTED ON THIS 17 DAY OF July, 2007.

RESPECTFULLY SUBMITTED,

Marcus D. Jones #12520-045

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**MARCUS** DeANGELO JONES,

    Plaintiff,

V.                                        Civil No. 06-0461 (RMU)

U.S. DEPARTMENT OF JUSTICE, AND

U.S. BUREAU OF ALCOHOL, TABACCO,
FIREARMS, AND EXPLOSIVES,

    Defendants.

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS IN DISPUTE.

Plaintiff, Marcus Jones, (Jones), pro se, respectfully submits the following Statement as to Material Facts in which there is a genuine dispute and Judgment for the Defendants is not warrented.:

1.) The Defendants did not conduct a search for information responsive to Jones request or durg investigation.

2.) The Executive Office of the United States Attorneys, informed through a search of its files that the defendants participated in evidence gathering, and documents concerning Jones drug investigation came from the Defendants.

3.) The Declarant for the Defendant Peter J. Chisholom, wrote Jones a letter dated August 4, 2004, (Decl. of M. Jones ¶ 8 and exhibit page 5) acknowledging that the defendants or ATF was in possession of evidence and a cassette tape of the drug investigation per the EOUSA.

page 1 of 2

4.) The records of the investigative reports that were disclosed by the defendants were "NOT" the subject of the FOIA request.

5.) The Defendants or ATF's search of its record systems is inadequate to responsive records material to the request. In 2001, the defendants only disclosed evidence concerning Jones firearms investigation. In 2005, Jones made a request for information concerning his drug investigation. The Defendants refuse to disclose even after being provided with evidence that it is in possession of those records.

6.) The Defendants search through its TECS system would not provide records to the requested material concerning Jones' drug investigation. (Decl. of M. Jones ¶ 9).

7.) The Defendants search is not consistant with common sense and provides a reason to think responsive records are in a hidden file or were not searched for, because the EOUSA in the search of their records found that documents originated with the Defendants. The Declaration of the Defendants or its vaughn index does not show these recors were disclosed.

8.) The defendants is withholding information from JOnes and or in a hidden file.

EXECUTED THIS 17 DAY OF July, 2007.

RESPECTFULLY SUBMITTED,

MARCUS D. JONES #12520-045

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS DEANGELO JONES,

    Plaintiff,

v.                                    Civil No.06-0461 (RMU)

U.S. DEPARTMENT OF JUSTICE, AND

U.S. BUREAU OF ALCOHOL, TOBACCO,
FOREARMS, AND EXPLOSIVES,

    Defendants.

## DECLARATION OF MARCUS D. JONES.

I, Marcus D. Jones, do hereby depose and say:

1.) I am the Plaintiff in this matter and the purpose of this declaration is to provide the Court with facts that the Defendants or ATF conducted a inadequate search for responsive records to the request, is in violation of the Freedom of Information Act (FOIA), and is not entitled to summary Judgment as there are issues in dispute.

2.) I declare that the statements in this declaration are based on knowledge obtained by me personally, through my participation in the matter, and in response to the declaration of Peter J Chrisolm.

### CORRESPONDENCE.

3.) In April of 2001, Jones files a FOIA request to the ATF for information concerning a firearms investigation and information concerning self. In August of 1999 the ATF, conducted a search and complied with Jones request. (DE#17: Doc.1:page 2); DE#17 Doc.1: Exhibits A thru d).

page 1 of 3

4.) On June 15, 2005, after receiving information from the EOUSA, that the ATF participated in Jones' drug investigation and documents originated with that agency. The ATF, in the instant request for a search and information denies having any evidence in its possessionconcerning the drug investigation and turns over evidence related to a firearms investigation. (DE#17, Doc.3, Exhibits E-N).

5.) Jones filed a change of address with the ATF in Janurary of 2006, with a status inquiry on his request. The ATF never responded providing the information requested. (Exhibit page 1)

6.) The defendants motion contains a letter dated November 13, 2005, that Jones Never recieved, and(this letter contradicts Exhibit page 5, attached,)alleging that it did not locate records of that were referred by the EOUSA to the ATF. (DE#17 Doc.1; page 5 ¶17);(DE#17 Doc.3, exhibit O).

## ADEQUACY OF SEARCH

7.) The EOUSA conducted a search through its records system and informed Jones that records originated and were possessed by the ATF concerning the drug investigation including a cassette tape. (Exhibit pages 2-4).

8.) The Declaration of Peter Chisholm is fabticated and made in bad faith in light a letter wrote by Peter Chishlom to Jones in August of 2004. (Exhibit page 5). Shows that Mr. Chishlom is aware of the existence of the requested material that is the subject of the search. The ATF never conducted a independent search for records concerning Jones request in which the ATF acted a liason agency.

9.) The search conducted by the ATF would not produce responsive records to Jones request, nor do other law enforcement agencies use the TECS search to obtain records. The ATF search in the TECS system would only search for records concerning gangs, convicted felons and terrorist. The records Jones requests would not fall under either catagory in the scope of the TECS search. Morover, the FBI conducts its search through a Central Records System, and the DEA conducts its searches through a Narcotic and Dangerous Drug Information System.

10.) The ATF claims not to have records and to have conducted a thorough search is incorrect. The ATF has hidden files or has not conducted searches in other available record keeping systems.

11.) The ATF is withholding records and has submitted a false declaration. The ATF is acting in Bad Faith.

I declare under the penalty of purjury and pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

RESPECTFULLY SUBMITTED,

_/s/_____
Affiant

Case 1:06-cv-00461-RMU   Document 21   Filed 07/19/2007   Page 10 of 15



**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642                     Washington, D.C. 20530

JAN 3 0 2006

Mr. Marcus D. Jones
Register No. 12520-045
Federal Correctional Complex (Medium)
Post Office Box 5888
Yazoo City, MS 39194

   Re: Appeal Nos. 05-2872 and 05-2873

Dear Mr. Jones:

   This responds to your letter dated January 10, 2006, regarding the status of your administrative appeals from the actions of the Bureau of Alcohol, Tobacco, Firearms and Explosives and the Executive Office for United States Attorneys.

   Your administrative appeals have recently been assigned to a staff member of this Office for processing. Due to the large number of appeals received by this Office and the individual review given to each, it is very difficult to predict accurately when a determination will be reached on your appeal. However, based on the average review time, we anticipate that the delay will extend at least for several weeks.

   I hope this information is of assistance to you, and again, request your continued patience.

                                             Sincerely,

                                             Priscilla Jones
                                             Chief, Administrative Staff

PAJ:CIH

Exhibit page 1



**U.S. Department** **...Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757   Fax 202-616-6478*

Requester: **Marcus D. Jones**    Request Number: **01-1351**

Subject of Request: **Self/MOW**

Dear Requester:                                                       JUL 2 0

    In your April 19, 2001 letter, you requested a fee waiver if applicable. I regret to inform you that your request is denied. Federal regulation 28 CFR 16.11(k) sets forth the requirements for a waiver or reduction of fees. After carefully considering your FOIA request, #01-1351, in the context of 28 CFR 16.11(k), I have determined that your request does not meet the requirements for the reasons discussed below.

    Your request must demonstrate that disclosure of the information you have requested is "in the public interest", and disclosure is not primarily for a commercial purpose. Your request is obviously not for a commercial purpose, but neither is disclosure in the public interest. For disclosure of information to be in the public interest, disclosure must be "likely to contribute significantly to the public understanding of the operations or activities of the government".

    Title 28, section 16.11(k) of The Code of Federal Regulations requires that the subject of the requested records must concern identifiable operations or activities of the federal government, but in your case, you are the subject of the request. In addition, 28 CFR 16.11(k) requires that, "[t]he disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester." In this case, your request contributes to your understanding as opposed to the understanding of a broad audience of persons.

    Finally, it is well settled that indigence alone, without a showing of a public benefit, is insufficient to warrant a fee waiver. Accordingly, your request is denied. That said, your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. **As a result of reviewing your April 19, 2001, June 12, 2001, and August 12, 2001 letters, we consolidated them under EOUSA case 01-1351 so as to provide you with records responsive to your specific concerns.** This letter is a partial release.

    __46__ pages are released in full (RIF);
    __1__ page is released in part (RIP);
    _____ page(s) are withheld in full (WIF). The redacted/withheld documents were revi[ewed to] determine if any information could be segregated for release.

**GOVERNMENT EXHIBIT**
17

exhibit page 2

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

<u>Section 552</u>                                                              <u>Section 552a</u>

[  ] (b)(1)        [  ] (b)(4)       [  ] (b)(7)(B)              [ X ] (j)(2)
[  ] (b)(2)        [  ] (b)(5)       [ X ] (b)(7)(C)             [  ] (k)(2)
                   [  ] (b)(6)       [  ] (b)(7)(D)              [  ] (k)(5)
[ X ] (b)(3)       [  ] (b)(7)(A)    [  ] (b)(7)(E)              [  ] _____
<u>6(e) F.R.C.P.</u>    [  ] (b)(7)(F)
_____


[ X ]   This office is also withholding grand jury material retained in the District.

In addition, a review of the material revealed:

[ X ]   <u>80</u> page(s) originated with another government component. These records and one cassette tape entitled "Compilation Tape Used at Trial" were found in the U.S. Attorney's Office files and may or may not be responsive to your request. As a result of receiving your $25.00 payment for processing fees, these records and the cassette tape are being referred to the following component listed for review and direct response to you:

Dorothy Chambers
FOIA/PA Officer
Chief, Disclosure Division
Bureau of Alcohol, Tobacco, Firearms, and Explosives
Department of Justice
Washington, DC 20226
Pages(s) Referred <u>80</u>

[ X ]   There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

[  ]    See additional information attached.

This is the final action my office will take on your request.

You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

(Page 2 of 3)

exhibit page 3

      Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

      After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

                    Sincerely,

                      Marie A. O'Rourke
                      Assistant Director

Enclosure(s)

**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

Washington, DC 20226
www.atf.gov

AUG - 4 2004

REFER TO: PJC/04-1857

Marcus D. Jones
Reg. No. 12520-045
Greenville FCI
100 U.S. Hwy 40
Greenville, IL 62246

RE: Freedom of Information Act (FOIA) Request

Dear Mr. Jones:

This is in response to your Freedom of Information Act (FOIA) request of April 19, 2001 to the United States Department of Justice, Executive Office for United States Attorneys. During their search, they recovered documents which were found to have originated with this agency. They were referred to us on July 26, 2004 for disclosure determination and direct response to you.

Your request is granted in part. We are releasing the disclosable portions of the documents that contain exempt information and withholding portions of the documents for the reasons indicated on the attached "Document Cover Sheet."

A audio cassette was also referred to this agency for review. It was reviewed, and there was nothing that could be heard on the tape. If you desire, we can provide you a copy of the tape for your own review.

Insofar as your request has been partially denied, and deletions have been made, you have the right to request an administrative appeal by following the instructions outlined on Part III of the attached form.

Sincerely,

Peter J. Chisholm
Disclosure Specialist

Exhibit page 5

CERTIFICATE OF SERVICE

I hereby certify that on this 17 day of July, 2007, true copies of the foregoing: (1) Motion for the entry of Judgment for Plaintiff; (2) Plaintiff's Statement of Material Facts in Dispute; (3) Declaration of Marcus D. Jones with Exhibits; And (4) Plaintiff's Memorandum in Opposition of Defendants Motion for Summary Judgment, were placed in the Federal Correctional Complex's mail system with pre-paid postage first class mail to be served and addressed to:

Alan Burch
Assistant United States Attorney
555 Fourth St. N.W.
Washington, D.C. 20530

_____
Signed