UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS DEANGELO JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, and ) <br> ) <br> U.S. BUREAU OF ALCOHOL, TOBACCO, ) <br> FIREARMS AND EXPLOSIVES, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No.  06-0461 (RMU) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
AND OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT**

Defendants, the Department of Justice, and the Bureau of Alcohol, Tobacco, Firearms and Explosives, respectfully file this reply memorandum in support of their motion for summary judgment in this case, which arises under the Freedom of Information Act ("FOIA").  In addition, Defendants respectfully oppose Plaintiff's motion for entry of judgment, no. [21].  Plaintiff, a *pro se* prisoner with a projected release date in the year 2024, seeks records from federal law enforcement agencies concerning his criminal file.  Defendants released certain records and withheld information pursuant to FOIA exemptions (b)(2) and (b)(7)(C).  Plaintiff's disjointed opposition, no. [20], refers to a prior FOIA request he made, rendering most of his arguments irrelevant.  His opposition raises no substantial challenges to the adequacy of the agencies' searches or the legal basis for their claims of exemptions.

The instant case involves Plaintiff's 2005 FOIA request for the so-called "302" reports of witness statements and interviews in an investigation by the state police in Columbia, Missouri.

Plaintiff claims the ATF participated in an investigation with the Columbia Police Department. After receiving supplementary information from Plaintiff, ATF located responsive records and released portions of them to Plaintiff, withholding others in whole and in part. See generally Decl. Peter Chisholm, attached to Def. Mot. Sum. J.

Plaintiff's principal argument is that the ATF's search was inadequate because it focused on an ATF investigation into possible firearms violations, not an investigation into drug violations as requested by Plaintiff. See Plf. Opp., no. [20], at 3-4. Plaintiff's evidence consists of a letter from EOUSA, apparently dated August 18, 2001, denying his request for a fee waiver concerning his 2001 FOIA request. See Plf. Mot. Sum. J., no. [8], Ex. "Page 2." That letter mentioned that 80 pages of material, "which may or may not be responsive to your request" was found in the files of the U.S. Attorney's Office but because the material did not originate with the U.S. Attorney's Office, Plaintiff's request was being referred to the ATF for substantive response. See id. at "Page 3." See also Decl. Marcus Jones, no. [8], at 2 ¶ 5 (citing the same letter from EOSUA).

Plaintiff has not provided any other evidence supporting his argument that ATF possesses records concerning a drug investigation beyond those records already produced to him. Accord Jones Decl., no. [8], at 4 ¶ 14 (asserting without evidence that there is "no doubt" that ATF has such records). To the extent that he argues that the ATF "acted as a liaison in collecting evidence concerning the Federal drug offense that I was charged with," see Plf. Mot. Sum. J., no. [8], Ex. at "Page 9," Plaintiff offers neither any evidence of such participation as "liaison" nor any additional information that might have assisted ATF in locating additional files to search for responsive records.

Plaintiff claims the "ATF acknowledged the records b[ut] did not conduct an independent search of its records and files." See Plf. Opp., no. [20], at 5 ¶ 2(d). Plaintiff is apparently referring to the letter dated August 4, 2004, from the ATF's Peter Chisolm to Plaintiff, acknowledging receipt of the referral from EOUSA regarding Plaintiff's 2001 FOIA request. See Plf. Mot. for Judgment, no. [21], Ex. "page 5." That same letter explains that the ATF was releasing portions of those documents, subject to certain withholdings, and that Plaintiff was free to appeal the agency's withholdings. Id. It appears that Plaintiff never filed an appeal to OIP regarding ATF's withholdings. See Decl. Averill P. Graham, attached hereto, ¶ 9.

Plaintiff did, however, file a civil action to challenge these withholdings, specifically Jones v. EOUSA, No. 04-675 (RMU) (filed Apr. 26, 2004) (naming EOUSA but not ATF as defendant). On February 7, 2005, this Court granted the government's motion for summary judgment as conceded, in light of Plaintiff's failure to file an opposition. See Order, attached hereto. Plaintiff certainly had the opportunity earlier to challenge the ATF's response to his earlier FOIA request, but he chose not to pursue either an administrative appeal or a civil action. Accordingly, any direct challenge to the ATF's response to his earlier request is barred by failure to exhaust administrative remedies and/or *res judicata*. See, e.g., Taylor v. Blakey, --- F.3d ---, 2007 WL 1791094 (D.C. Cir. June 22, 2007) (applying *res judicata* to FOIA case).

As for his present request, nothing in Plaintiff's evidence suggests that the ATF has any additional records. Using the supplemental information Plaintiff supplied, the ATF located numerous responsive records. See Graham Decl. ¶¶ 12-14. Nothing about this release or Plaintiff's evidence suggests that the ATF has "hidden" files for an ATF investigation into drug crimes. Moreover, the ATF is not likely to be engaged in a "drug" investigation per se, even

though it is often involved in investigating firearms violations arising out of broader sets of allegations or interagency investigations that do involve drug violations. See Graham Decl. ¶ 9 (explaining that "the investigation on Mr. Jones concerned a firearms offense in which a firearm was brought to the attention of law enforcement in the midst of a drug investigation conducted by the Columbia Police Department. If this is the investigation to which Mr. Jones is referring, it is apparent from the documents that ATF was involved in this case solely to investigate the firearm which was recovered upon arrest of Mr. Jones in his drug case.").

Plaintiff claims that the ATF's Peter Chisolm wrote Plaintiff a letter in 2004 that "contradicted" Chisolm's declaration in support of the agency's motion for summary judgment in this case. See Plf. Opp., no. [20], at 4 ¶ 2(b). Whatever "contradiction" Plaintiff sees is neither explained by his filings nor apparent in the record.

Plaintiff argues that the ATF's reliance on the Treasury Enforcement Communications System ("TECS") resulted in an inadequate search because not all law enforcement agencies use TECS and, specifically, the FBI uses a "Central Records System" and the DEA uses "Narcotic and Dangerous Drug Information System." See Plf. Opp., no. [20], at 4 ¶ 1(c). This simply says nothing about the ATF's search of *its* systems of records. Other agencies do indeed have other systems of records. The ATF is not required to search another agency's systems of records. Accord Graham Decl. ¶ 10.

Finally, Plaintiff raises no challenges to Defendants' use of the Exemptions to FOIA that justified the various withholdings of information, nor does Plaintiff raise any other challenges other than adequacy of the search for records. Because it is clear that Defendants conducted adequate searches, summary judgment for the government is appropriate.

July 30, 2007                                        Respectfully submitted,

                                                            _____

JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July 2007, I caused the foregoing Defendants' Reply in Support of Motion for Summary Judgment and Opposition to Plaintiff's Motion for Entry of Judgment, supporting memorandum and exhibits, and proposed order to be served on *pro se* Plaintiff via First Class Mail addressed as follows:

Marcus Deangelo Jones
R#12520-045
USP COLEMAN I
U.S. Penitentiary
P.O. 1033
Coleman, FL  33521


  /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 Fourth St., N.W.,
Washington, D.C. 20530