UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Marcus D. Jones,<br><br>    Plaintiff,<br><br>        v.<br><br>U.S. Department of Justice, et. al.,<br>Bureau of Alcohol, Tobacco, Firearms<br>and Explosives,<br><br>    Defendant. | Case No. 06-0461 |

DECLARATION OF AVERILL P. GRAHAM,
CHIEF, DISCLOSURE DIVISION,
BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

I, Averill P. Graham, do hereby depose and say:

1. I am the Chief, Disclosure Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice (DOJ). In this capacity, I receive all requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. §552, and the Privacy Act of 1974 (PA), 5 U.S.C. §552a. In this capacity, I also review all requests referred to ATF from other agencies that have located ATF-originated documents in their records while processing their FOIA and PA requests. I am responsible for processing all FOIA and PA requests, initiating searches relevant to such requests, supervising the determination of what records should be disclosed, processing all documents referred to ATF and to other agencies, and recording all administrative appeals filed with ATF.

2. I declare that the statements made in this declaration are on the basis of knowledge acquired by me in the performance of my official duties. I am familiar with

the procedures followed by this office in responding to the FOIA request made by Mr. Marcus D. Jones.

    3. On July 26, 2004, ATF's Disclosure Division received a referral from the Executive Office for United States Attorney's (EOUSA) related to a FOIA request Mr. Jones made to EOUSA on April 19, 2001. The referral consisted of 79 individual pages and an audiocassette tape. A copy of the July 26, 2004, referral letter is attached as Exhibit A.

    4. By cover-letter dated August 4, 2004, ATF's Disclosure Division informed Mr. Jones that during EOUSA's search pursuant to his FOIA request, records were recovered which originated from ATF. The Disclosure Division granted Mr. Jones request in part and released 77 pages while withholding 2 pages. The FOIA Exemption's utilized in the August 4, 2004, release included (b)(2), (b)(3), and (b)(7)(C). Mr. Jones was also informed through this letter that an audiocassette tape was referred by EOUSA, but upon review nothing could be heard on the tape. Mr. Jones was provided the opportunity to request a copy of this tape if he so wished. Finally, Mr. Jones was instructed on how to initiate an administrative appeal. A copy of the August 4, 2004, letter is attached as Exhibit B.

    5. Mr. Jones never appealed ATF's partial release on August 4, 2004 to the Office of Information and Privacy (OIP).

    6. Mr. Jones filed a complaint with the United States District Court for the District of Columbia on April 24, 2004 against EOUSA regarding the August 4, 2004 release in case number 1:04cv675. ATF filed a declaration in response to that litigation

concerning its release. The court granted Defendant's Motion for Summary Judgment in the case on February 7, 2005.

7. On June 15, 2005, the Disclosure Division received by mail a letter dated June 8, 2005 from Mr. Jones requesting that ATF provide 302 reports and witness statements from a Columbia Police Department[1] investigation in which he claimed ATF participated. (See Chisholm Decl. June 22, 2007).

8. The release made by the Disclosure Division in response to Mr. Jones' June 8, 2005 request is the subject of this litigation. As explained in the Chisholm Declaration, an adequate search was performed pursuant to Mr. Jones' request. Upon a search of ATF databases, Mr. Jones' name was found to be associated with investigation number 783020-00-0102 and this is the only investigation number associated with Mr. Jones' name and Social Security Number in ATF databases.[2]

9. ATF has located and released all segregable portions of the records in its possession that relate to Mr. Jones. Mr. Jones claims that the release made by ATF upon referral from EOUSA is proof that there is a hidden file on Mr. Jones. The file referred to ATF by EOUSA on July 26, 2004 contained a Recommendation for Prosecution by ATF. This recommendation specifically listed documents submitted in support of prosecution which included local police records on a drug investigation. The fact that these local police records were included in a Recommendation for Prosecution does not imply that ATF participated in a drug investigation on Mr. Jones. In fact, these records were most

---

[1] The police department is in Columbia, Missouri.
[2] In the release made to Mr. Jones pursuant to his request to EOUSA, an additional Investigation Number 783020-99-0001 appears on a single Report of Investigation. An independent search on this number was conducted and found not to contain any records related to Mr. Jones. Additionally, it seems apparent that this was an error in typing or a system error, because the investigation number includes the year 1999, and the report was written in 2000. No other records under this number were found on Mr. Jones.

likely included in the Recommendation for Prosecution because one of the crimes being prosecuted was Title 18 U.S.C. Section 922(g)(1), possession of a firearm by a felon. In order to prove Mr. Jones' felony, information on his arrest and conviction of that felony would have been included in the Recommendation for Prosecution. From my review of the documents released in 2004 and the documents released pursuant to this litigation and my experience with reading Reports of Investigation, the investigation on Mr. Jones appears to have concerned a firearms offense in which a firearm was brought to the attention of law enforcement in the midst of a drug investigation conducted by the Columbia Police Department. If this is the investigation to which Mr. Jones is referring, it is apparent from the documents that ATF was involved in this case solely to investigate the firearm which was recovered upon arrest of Mr. Jones in his drug case. Any records which were in ATF's possession concerning local law enforcement operations seem to be either background to the firearm investigation or arrest records to demonstrate his felony and prove felon in possession charges. Furthermore, all of the segregable portions of these records have been released to Mr. Jones.

10. Finally, Mr. Jones claims that the Disclosure Division's search for documents was inadequate, because it did not search databases in which records from other agencies would be found. (See Jones Decl. ¶ 9). Under the FOIA, ATF has no obligation to search for records possessed by other agencies. In his declaration, Mr. Jones specifically mentions two other databases which he claims ATF should have searched. The Disclosure Division has no access to either the Federal Bureau of Investigation's (FBI) Central Records System or the Drug Enforcement Agency's (DEA) Narcotic and Dangerous Drug Information System. The Disclosure Division has found no evidence

that other agencies have information on Mr. Jones, but if he believes other agencies to possess such records, he should submit FOIA requests to them. In fact, in the Disclosure Division's June 16, 2005 response letter to Mr. Jones, it expressly stated that the 302 reports requested by Mr. Jones are generated by the FBI and that "ATF does not maintain other federal agency records." (See Chisholm Decl. ¶ 8 and Exhibit F). The Disclosure Division has conducted an exhaustive search of ATF records and has made several releases to Mr. Jones of all segregable material possessed by ATF concerning Mr. Jones.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 30 day of July, 2007.

Averill P. Graham
Chief, Disclosure Division

**U.S. Department of Justice**

Executive Office for United States Attorneys
Freedom of Information/Privacy Act Unit
600 E Street, N.W., Room 7300
Washington, D.C. 20530
202-616-6757  Fax 202-616-6478

JUL 20 2004

To:

**Dorothy Chambers
FOIA/PA Officer
Chief, Disclosure Division
Bureau of Alcohol, Tobacco, Firearms, and Explosives
Department of Justice
Washington, DC 20226**
Page(s) Referred **80**

Request Number: **03-1351**

Requester: **Marcus D. Jones**

Subject of Request: **Self/MOW**

Dear FOIA/PA Contact Person:

    The enclosed Freedom of Information Act/Privacy Act request was received by this office. The paragraphs checked below apply:

1. [ ] As your office may have records responsive to this request, we are referring it to you for a direct response to the requester.

2. [X] **While processing this request, we located the enclosed records which originated in your office. We are referring these records, a cassette tape entitled "Compilation Tape Used at Trial", and a copy of the request to you for a direct response to the requester. We have notified the requester of this referral.**

    If you have any questions about this matter, please contact the FOIA/PA processor named below.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosures(s)

Name: **Terry A. Belgrave**
Phone: **(202) 305-9121**

EXHIBIT A

**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
**CORRESPONDENCE APPROVAL AND CLEARANCE**

AUG - 4 2004

REFER TO: PJC/04-1857

Marcus D. Jones
Reg. No. 12520-045
Greenville FCI
100 U.S. Hwy 40
Greenville, IL 62246

RE: Freedom of Information Act (FOIA) Request

Dear Mr. Jones:

This is in response to your Freedom of Information Act (FOIA) request of April 19, 2001 to the United States Department of Justice, Executive Office for United States Attorneys. During their search, they recovered documents which were found to have originated with this agency. They were referred to us on July 26, 2004 for disclosure determination and direct response to you.

Your request is granted in part. We are releasing the disclosable portions of the documents that contain exempt information and withholding portions of the documents for the reasons indicated on the attached "Document Cover Sheet."

A audio cassette was also referred to this agency for review. It was reviewed, and there was nothing that could be heard on the tape. If you desire, we can provide you a copy of the tape for your own review.

Insofar as your request has been partially denied, and deletions have been made, you have the right to request an administrative appeal by following the instructions outlined on Part III of the attached form.

Sincerely,

(Signed) Peter J. Chisholm

Peter J. Chisholm
Disclosure Specialist

| | INITIATOR | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER | REVIEWER |
|---|---|---|---|---|---|---|---|
| CODE | 100060 | 100060 | | | | | |
| SURNAME | PJCh | APG | | | | EXHIBIT B | |
| DATE | 8/4/04 | 8/4/04 | | | | | |

ATF F 9310.3A (7-97) (Formerly ATF F 1325.6A, which may still be used)    *U.S. Government Printing Office: 2003—496-853/65065