IN THE UNITED STATED DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

RECEIVED

AUG 1 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MARCUS DEANGELO JONES

    Plaintiff,

v.     No. 06-0461 (RMU)

U.S. DEPARTMENT OF JUSTICE, AND

U.S. BUREAU OF ALCOHOL, TABACCO,
FIREARMS AND EXPLOSIVES,

    Defendants.

PLAINTIFF'S REPLY SUGGESTIONS IN OPPOSITION OF THE
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND
SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION FOR
JUDGMENT.

    Marcus, ("Jones"), pro se, respectfully files his reply Suggestions in Opposition to the Defendants motion for Summary Judgment in this Freedom of Information Act ("FOIA") case, and Suggestions in support of Jones' motion for judgement. (DE# 22 and 23).

    The defendants in the case sub judice continues to try to manipulate the Court and put forth evidence that contradicts itself in attempts to evade searching and disclosing the requested information. The defendants are seeking shelter by claiming that it disclosed documents that are not related to the requested information in this action. The Defendants has not refuted the substantial allegations that informations is withheld and its search for such information is inadequate. Moreover the defendants had not refuted the factual or legal basis of Jones claims.

1.

This case does not involve a request for 302 reports. This was a misstatement in the original request that was clarified and corrected in the FOIA appeal. (DE# 17, Exhibit E).

The Defendants never released any information requested concerning the information concerning the drug investigation as requested in Jones' original request. The Defendants were always in possession of information relevant to process Jones complaint. The commencement of this civil action did not provide the defendants with any new information. (SEE DE# 1 and 8).

Jones' made a FOIA request to the U.S. Attorney's Office for information concerning the drug investigation. The U.S. Attorney stated that information originated with the defendants. The information that originated with the defendants was not related to the firearms investigation.

The evidence from th U.S. Attorney's office shows that there was a complication tape that is in the possession of the defendants. In this case not only in the Decl. of Peter Chisolm, Attached to Def. Mot. Sum. J. page 4 ¶. 12 denied the existance of the evidence, but the vaughn index of Peter Chisolm, do not show a disclosure of the cassette tape or that the tape exist in the ATF's records. Evidence of the existance of the audio tape in the possession of the Defendants possession and its absents of this tape and other documents shows that the Defendants participated in the drug investigation and provided the Defendants with sufficient information to conduct a search of its files.

The Defendants refer to the August 4, 2004, letter from ATF's Peter Chisholm, was given to Jones pursuant to a ongoing litigation

with the U.S Attorney's Office, with was pending this this Court. Jones was never aware that the ATF was involved in his drug case until the middle of the litigation.

Once Jones had became aware that the U.S. Attorney's Office complied with its FOIA obligations. Jones, had to read and search the documents. Once Jones' research of the documents were complete the time for that appeal to the ATF had expired.

Since Jones had never filed a FOIA request for documents to the ATF for information concerning the drug investigation, and the prior civil action did not allege or involve the ATF, Jones filed a request with the ATF to exhaust his administrative remedies, res judicata do not apply to this case.

None of the documents turned over by the Defendants were related to the drug investigation of Jones. The Defendants fail to explain to the Court, how such records and cassette tape exist when the U.S. Attorney's office stated it does, and when Jones makes a request for documents surrounding the request. The Defendants acts ignorant to the fact that it possesses the documents, and claim to only be in possession of information concerning the firearms investigation.

The Declaration of Peter Chisholm, statement of disclosure contradicts its letter dated to Jones on August 4, 2004, in the sense that in the August 4, letter he mentions a audio tape, and in his Declaration and vaughn index there is no mention of a tape. this shows that the search was not done with respect to the requested information.

Finally, the Defendant should not be allowed to use affidavits

3.

from other agents to clean up its mistakes or misstatements of fact. Jones never stated that the ATF should search other agency's system of records. Jones merely demonstrated that the declaration submitted by the defendants was incorrect in its statement that other agencies uses "TECS", (DE#17, Defendants statement as to facts not in dispute), when in fact other agencies uses other means to search for records.

The Defendants in this case has not demonstrated that it conducted a search for responsive records to Jones request, nor the U.S. Attorney was incorrect in that in its search for records that documents had originated with the Defendants, that were collected for prosecution.

Finally, the Defendants does not demonstrated that its search was adequate and responsive to Jones Request, nor does the Defendants presents sufficient evidence other than contradictions to support its position. Because it is clear that the Defendants is withholding information, and Jones is entitled to Judgement in his favor. EXECUTED THIS 10th Day of August.

Respectfully Submitted,

Marcus JOnes #12520-045

CERTIFICATE OF SERVICE

I, Marcus Jones, hereby certify that a true and correct copy of the foregoing motion was placed in the U.S. mail, postage pre-paid first class mail this 10th day of August, 2007, and sent to:

Alan Burch
Assistant United States Attorney
555 Forth St. N.W.
Washington, D.C.  20530

Signed,

4.