UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS DEANGELO JONES,              :
                                    :
        Plaintiff,                  :          Civil Action No.: 06-0461 (RMU)
                                    :
    v.                              :
                                    :
U.S. DEPARTMENT OF JUSTICE *et al.*, :
                                    :
        Defendants.                 :

**O R D E R**

**DIRECTING THE PARTIES TO PROVIDE ADDITIONAL BRIEFING**

The defendants filed a motion for summary judgment on June 22, 2007. The *pro se* plaintiff responded by opposing the defendants' motion on July 19, 2007. On that same date, the plaintiff filed a motion for entry of judgment in favor of the plaintiff pursuant to Federal Rules of Civil Procedure 8(b) & (d), 56, and 57. The plaintiff's motion contains a statement of material facts in dispute, but no statement of material facts as to which there are no genuine issues as required by the court's local rules. The court will consider the plaintiff's statement of material facts in dispute as intended to accompany the plaintiff's opposition to the defendants' motion for summary judgment, in compliance with Local Civil Rule 7(h). But, Local Civil Rule 7(h) requires "[e]ach motion for summary judgment [to be] accompanied by a statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the records relied on to support the statement." LCvR 7(h). Therefore, the plaintiff's motion is currently not in compliance with the Local Civil Rules.

Providing *pro se* litigants with the necessary knowledge to participate effectively in the trial process is important. *Moore v. Agency for Int'l Dev.*, 994 F.2d 874, 876 (D.C. Cir. 1993). Although district courts do not need to provide detailed guidance to *pro se* litigants, they should

supply minimal notice of the consequences of not complying with procedural rules. *Id*.

> Requiring strict compliance with the local rule is justified by the nature of summary judgment and by the rule's purposes. The moving party's statement specifies the material facts and directs the district judge and the opponent of summary judgment to the parts of the record which the movant believes support his statement . . . [This procedure] isolates the facts that the parties assert are material [because the] district court should not be obligated to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make [its] own analysis and determination of what may, or may not, be a genuine issue of material fact.

*Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 151 (D.C. Cir. 1996) (internal citations omitted). The court may strike filings that do not comply with the Local Civil Rules. *See e.g. Davis v. Gables Residential/H.G. Smithy*, 525 F. Supp. 2d 87, 91 (D.D.C. 2007); *Klayman v. Judicial Watch, Inc.*, 2007 WL 1034937, at *1 (D.D.C. Apr. 3, 2007).

Accordingly, to give the plaintiff an opportunity to provide a statement of material facts not in genuine dispute, it is this 28th day of March, 2008, hereby

**ORDERED** that the plaintiff may file a statement of material facts not in genuine dispute on or before May 1, 2008. It is

**FURTHER ORDERED** that the defendants file any statement of genuine issues of material fact in response to the plaintiff's submission on or before May 15, 2008. It is

**ORDERED** that the case is hereby **STAYED** until May 1, 2008 or upon the plaintiff's filing of a statement of material facts and order of the court.

**SO ORDERED**.

                                        RICARDO M. URBINA
                                        United States District Judge