IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

APR 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MARCUS DEANGELO JONES,

    Plaintiff,

vs.                                                  Civil Action No. 06-0461(RMU)

U.S. DEPARTMENT OF JUSTICE, AND,

U.S. BUREAU OF ALCOHOL, TOBACCO,
FIREARMS AND EXPLOSIVES,

    Defendants.

---

### PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

---

Marcus Jones, pro se, ("Jones"), and pursuant to Federal Rules of Civil Procedure 8(b); (d); Rule 56; Rule 57; and in compliance with Local Civil Rule 7(h), respectfully submits the following statements as to material facts that are not in genuine dispute which support a entry of Judgment for trial or other relief in favor of Jones.

1.) The Defendant are in possession of records related to an investigation involving a drug conspiracy, and are refusing to turn over the material in their possession. (Decl. Of Marcus Jones, ¶.7, Exhibit 2-4).

2.) The Defendants in this case never responded to the Complaint filed in this Court by Jones (Docket Entry #1) as directed by the Court. (Docket Entry #13).

3.) The Documents provided by the Defendants are not obtained pursuant to accurate ATF law enforcement operations, because it did not disclose evidence or material gathered during the drug investigation. (Decl. of M. Jones ¶.7 and 8).

4.) The Defendants admits that is participated in the Drug investigation, (Decl. of M. Jones, Exhibit page 5)(Letter from Peter J. Chisholm), but in the declaration of Peter J. Chisholm's vaughn index (Docket No. 17, Exhibit #2), does not contain evidence of the disclosure of such material.(Decl. of Graham, Docket No#23, exhibit 1-2).

5.) The Defendants only disclosed evidence related to its second investigation of Jones related to firearms charges. (Decl. of M. Jones Exhibit page 6), and denies having evidence of the drug investigation, (Decl. of M. Jones, Exhibit page 7).

6.) The defendants has not searched or obtained a declaration of the fail to obtain a vaughn index of the field agent who had investigated matters and cases involving Jones.

7.) The Defendants did not respond to the complaint or state a afirmative defense of denials of the claims made. The defendants failure to deny constitutes an admission by the defendants.

Respectfully Submitted,

Marcus D. Jones #12520-045
Federal Correctional Complex
P.O. Box 1033
Coleman, Florida   33521

PRO SE PLAINTIFF

## CERTIFICATE OF SERVICE

I, Marcus Jones, hereby certify that a true and correct copy of the Following: PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE,; AND DECLARATION OF MARCUS JONES, WITH EXHIBITS, were placed in the Federal Correctional Complex mailing system on this 24th day of April, 2008, postage pre-paid, first class mail and sent to:

Office of the Clerk
United States District Court
For the District Of Columbia
333 Constitution Avenue, N.W.
Washington, D.C.   20001

   AND TO:

Assistant United States Attorney
Alan Burch
555 4th Street, N.W.
Washington, D.C.   20530


   I, hereby certify under the penalty of perjury under the laws of the United States, 28 U.S.C. §1746, that the foregoing is true and correct.

SIGNED,

Marcus D. Jones #12520-045

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCUS DEANGELO JONES,

      Plaintiff,

v.                                  Civil No.06-0461 (RMU)

U.S. DEPARTMENT OF JUSTICE, AND

U.S. BUREAU OF ALCOHOL, TOBACCO,
FOREARMS, AND EXPLOSIVES,

      Defendants.

## DECLARATION OF MARCUS D. JONES.

I, Marcus D. Jones, do hereby depose and say:

1.) I am the Plaintiff in this matter and the purpose of this declaration is to provide the Court with facts that the Defendants or ATF conducted a inadequate search for responsive records to the request, is in violation of the Freedom of Information Act (FOIA), and is not entitled to summary Judgment as there are issues in dispute.

2.) I declare that the statements in this declaration are based on knowledge obtained by me personally, through my participation in the matter, and in response to the declaration of Peter J Chrisolm.

## CORRESPONDENCE.

3.) In April of 2001, Jones files a FOIA request to the ATF for information concerning a firearms investigation and information concerning self. In August of 1999 the ATF, conducted a search and complied with Jones request. (DE#17: Doc.1:page 2); DE#17 Doc.1: Exhibits A thru d).

page 1 of 3

4.) On June 15, 2005, after receiving information from the EOUSA, that the ATF participated in Jones' drug investigation and documents originated with that agency. The ATF, in the instant request for a search and information denies having any evidence in its possessionconcerning the drug investigation and turns over evidence related to a firearms investigation. (DE#17, Doc.3, Exhibits E-N).

5.) Jones filed a change of address with the ATF in Janurary of 2006, with a status inquiry on his request. The ATF never responded providing the information requested. (Exhibit page 1)

6.) The defendants motion contains a letter dated November 13, 2005, that Jones Never recieved, and(this letter contradicts Exhibit page 5, attached,)alleging that it did not locate records of that were referred by the EOUSA to the ATF. (DE#17 Doc.1; page 5 ¶17);(DE#17 Doc.3, exhibit O).

## ADEQUACY OF SEARCH

7.) The EOUSA conducted a search through its records system and informed Jones that records originated and were possessed by the ATF concerning the drug investigation including a cassette tape. (Exhibit pages 2-4).

8.) The Declaration of Peter Chisholm is fabticated and made in bad faith in light a letter wrote by Peter Chishlom to Jones in August of 2004. (Exhibit page 5). Shows that Mr. Chishlom is aware of the existence of the requested material that is the subject of the search. The ATF never conducted a independent search for records concerning Jones request in which the ATF acted a liason agency.

9.) The search conducted by the ATF would not produce responsive records to Jones request, nor do other law enforcement agencies use the TECS search to obtain records. The ATF search in the TECS system would only search for records concerning gangs, convicted felons and terrorist. The records Jones requests would not fall under either catagory in the scope of the TECS search. Morover, the FBI conducts its search through a Central Records System, and the DEA conducts its searches through a Narcotic and Dangerous Drug Information System.

10.) The ATF claims not to have records and to have conducted a thorough search is incorrect. The ATF has hidden files or has not conducted searches in other available record keeping systems.

11.) The ATF is withholding records and has submitted a false declaration. The ATF is acting in Bad Faith.

I declare under the penalty of purjury and pursuant to 28 U.S.C. §1746, that the foregoing is true and correct.

RESPECTFULLY SUBMITTED,

_____
Affiant

**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642     Washington, D.C. 20530

JAN 3 0 2006

Mr. Marcus D. Jones
Register No. 12520-045
Federal Correctional Complex (Medium)
Post Office Box 5888
Yazoo City, MS  39194

    Re: Appeal Nos. 05-2872 and 05-2873

Dear Mr. Jones:

    This responds to your letter dated January 10, 2006, regarding the status of your administrative appeals from the actions of the Bureau of Alcohol, Tobacco, Firearms and Explosives and the Executive Office for United States Attorneys.

    Your administrative appeals have recently been assigned to a staff member of this Office for processing. Due to the large number of appeals received by this Office and the individual review given to each, it is very difficult to predict accurately when a determination will be reached on your appeal. However, based on the average review time, we anticipate that the delay will extend at least for several weeks.

    I hope this information is of assistance to you, and again, request your continued patience.

                          Sincerely,

                          Priscilla Jones
                          Chief, Administrative Staff

PAJ:CIH

Exhibit page 1



U.S. Department of Justice

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Staff*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

---

Requester: Marcus D. Jones            Request Number: 01-1351

Subject of Request: Self/MOW

Dear Requester:                                                     JUL 2 0

    In your April 19, 2001 letter, you requested a fee waiver if applicable. I regret to inform you that your request is denied. Federal regulation 28 CFR 16.11(k) sets forth the requirements for a waiver or reduction of fees. After carefully considering your FOIA request, #01-1351, in the context of 28 CFR 16.11(k), I have determined that your request does not meet the requirements for the reasons discussed below.

    Your request must demonstrate that disclosure of the information you have requested is "in the public interest", and disclosure is not primarily for a commercial purpose. Your request is obviously not for a commercial purpose, but neither is disclosure in the public interest. For disclosure of information to be in the public interest, disclosure must be "likely to contribute significantly to the public understanding of the operations or activities of the government".

    Title 28, section 16.11(k) of The Code of Federal Regulations requires that the subject of the requested records must concern identifiable operations or activities of the federal government, but in your case, you are the subject of the request. In addition, 28 CFR 16.11(k) requires that, "[t]he disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester." In this case, your request contributes to your understanding as opposed to the understanding of a broad audience of persons.

    Finally, it is well settled that indigence alone, without a showing of a public benefit, is insufficient to warrant a fee waiver. Accordingly, your request is denied. That said, your request for records under the Freedom of Information Act/Privacy Act has been processed. This letter constitutes a reply from the Executive Office for United States Attorneys, the official record-keeper for all records located in this office and the various United States Attorneys' Offices.

    To provide you the greatest degree of access authorized by the Freedom of Information Act and the Privacy Act, we have considered your request in light of the provisions of both statutes.

    The records you seek are located in a Privacy Act system of records that, in accordance with regulations promulgated by the Attorney General, is exempt from the access provisions of the Privacy Act. 28 C.F.R. §16.81. We have also processed your request under the Freedom of Information Act and are making all records required to be released, or considered appropriate for release as a matter of discretion, available to you. As a result of reviewing your April 19, 2001, June 12, 2001, and August 12, 2001 letters, we consolidated them under EOUSA case 01-1351 so as to provide you with records responsive to your specific concerns. This letter is a partial release.

    __46__ pages are released in full (RIF);
    __1__ page is released in part (RIP);
    _____ page(s) are withheld in full (WIF). The redacted/withheld documents were revi[ewed to] determine if any information could be segregated for release.

GOVERNMENT EXHIBIT

exhibit page 2

The exemption(s) cited for withholding records or portions of records are marked below. An enclosure to this letter explains the exemptions in more detail.

Section 552

[ ] (b)(1)   [ ] (b)(4)   [ ] (b)(7)(B)
[ ] (b)(2)   [ ] (b)(5)   [X] (b)(7)(C)
             [ ] (b)(6)   [ ] (b)(7)(D)
[X] (b)(3)   [ ] (b)(7)(A) [ ] (b)(7)(E)
6(e) F.R.C.P.  [ ] (b)(7)(F)

Section 552a

[X] (j)(2)
[ ] (k)(2)
[ ] (k)(5)
[ ] _____

[X] This office is also withholding grand jury material retained in the District.

In addition, a review of the material revealed:

[X] __80__ page(s) originated with another government component. These records and one cassette tape entitled "Compilation Tape Used at Trial" were found in the U.S. Attorney's Office files and may or may not be responsive to your request. As a result of receiving your $25.00 payment for processing fees, these records and the cassette tape are being referred to the following component listed for review and direct response to you:

Dorothy Chambers
FOIA/PA Officer
Chief, Disclosure Division
Bureau of Alcohol, Tobacco, Firearms, and Explosives
Department of Justice
Washington, DC 20226
Pages(s) Referred __80__

[X] There are public records which may be obtained from the clerk of the court or this office, upon specific request. If you wish to obtain a copy of these records, you must submit a new request. These records will be provided to you subject to copying fees.

[ ] See additional information attached.

This is the final action my office will take on your request.

You may appeal my decision to withhold records in this matter by writing within sixty (60) days from the date of this letter to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C. 20530

(Page 2 of 3)

exhibit page 3

Both the envelope and letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Enclosure(s)

(Page 3 of 3)
Form No. 021 - fee - 2/04

exhibit page 4



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

Washington, DC 20226
www.atf.gov

AUG - 4 2004   REFER TO: PJC/04-1857

Marcus D. Jones
Reg. No. 12520-045
Greenville FCI
100 U.S. Hwy 40
Greenville, IL  62246

RE:  Freedom of Information Act (FOIA) Request

Dear Mr. Jones:

This is in response to your Freedom of Information Act (FOIA) request of April 19, 2001 to the United States Department of Justice, Executive Office for United States Attorneys. During their search, they recovered documents which were found to have originated with this agency. They were referred to us on July 26, 2004 for disclosure determination and direct response to you.

Your request is granted in part. We are releasing the disclosable portions of the documents that contain exempt information and withholding portions of the documents for the reasons indicated on the attached "Document Cover Sheet."

A audio cassette was also referred to this agency for review. It was reviewed, and there was nothing that could be heard on the tape. If you desire, we can provide you a copy of the tape for your own review.

Insofar as your request has been partially denied, and deletions have been made, you have the right to request an administrative appeal by following the instructions outlined on Part III of the attached form.

Sincerely,

Peter J. Chisholm
Disclosure Specialist

Exhibit page 5

# 783020-00-0102

# INDIVIDUAL CASE ANALYSIS

1. What was the significance of the case and defendant(s) (criminal history, major organization, reputation, etc.)?

   **FELON IN POSSESSION**

2. Was it a multiple defendant case?  **NO**

3. What were the charges?   **922 (g)**

4. Were the CCE, RICO and conspiracy statutes utilized?  **NO**

5. What type of case was it: **FELON IN POSSESSION OF A FELON**

6. How did the case originate?  Was it adopted from another Federal, state or local agency?  **JOINT WITH Columbia PD**

7. What is the status (arrest or indictment), Federal or state prosecution (06 or 07)?  **ARRESTED - INDICTED**

8. Was ATF the lead agency in the investigation?  **JOINT**

9. Was the investigation thorough and complete?  Were all the elements proven and leads followed?  **YES**

10. What ATF program area did the case involve (Firearms, Explosives, Arson, Alcohol, or Tobacco)?  **FIREARMS**

11. Were raid plans and search warrant plans prepared in advance? Were they adequate?  **N/A**

12. What is the complexity of the case (i.e. basic, average or complex)?  **BASIC**





Exhibit page 6



**U.S. Department of Justice**

Office of Information and Privacy

---

Telephone: (202) 514-3642                                Washington, D.C. 20530

NOV 1 3 2006

Mr. Marcus D. Jones
Register No. 12520-045
Federal Correctional Institution
Post Office Box 5000                Re:   Appeal No. 05-2872
Greenville, IL 62246                      Request No. 05-1483
                                          BVE:ALB:KAM

Dear Mr. Jones:

    You appealed from the action of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) on your request for access to records pertaining to yourself. I regret the delay in responding to your appeal.

    After carefully considering your appeal, I am affirming ATF's action on your request. The records responsive to your request are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.106 (2006). Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to afford you the greatest possible access to them.

    ATF properly withheld from you certain information that is protected from disclosure pursuant to:

    5 U.S.C. § 552(b)(2), which concerns matters that are related solely to internal agency practices; and

    5 U.S.C. § 552(b)(7)(C), which concerns records or information compiled for law enforcement purposes the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.

    In your appeal letter dated September 15, 2005, you contend that ATF failed to provide you with all records responsive to your request, specifically, eighty pages that the Executive Office for United States Attorneys (EOUSA) apparently referred to ATF in 2001 (EOUSA Request No. 01-1351). As a result of discussions between ATF personnel and a member of my staff, ATF conducted a further search of its files but did not locate records related to this apparent referral of eighty pages from EOUSA. I have determined that ATF conducted an adequate, reasonable search in this case.

Exhibit page 7

-2-

If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

Sincerely,

Daniel J. Metcalfe
Director