UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS DEANGELO JONES, )<br>)<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>U.S. DEPARTMENT OF JUSTICE, and )<br>)<br>U.S. BUREAU OF ALCOHOL, TOBACCO, )<br>FIREARMS AND EXPLOSIVES, )<br>)<br>    Defendants. )<br>) | Civil Action No. 06-0461 (RMU) |

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Pursuant to Rule 56, Local Rules 7(h) and 56.1, and this Court's March 28, 2008, Order, no. [25], Defendant, the U.S. Bureau of Alcohol, Tobacco, and Firearms ("ATF"), respectfully responds to Plaintiff's Statement of Material Facts Not in Genuine Dispute, no. [26] (hereinafter "Plf. SMF" or "SMF"). This case arises under the Freedom of Information Act ("FOIA").

Defendant's motion for summary judgment is fully briefed. In response to Defendant's motion, Plaintiff filed a "Motion for Entry of Judgment," no. [21], which both this Court and Defendant construe as a cross motion for summary judgment. Defendant filed its opposition to Plaintiff's motion on July 30, 2007, no. [22]. The Court's order of March 28, 2008, noted that Plaintiff's motion omitted a supporting statement of material facts, as required by the Local Rules, and ordered Plaintiff to file one by May 1, 2008; it also provided that Defendant could file any response thereto by May 15, 2008. Accordingly, Defendant responds to each numbered SMF as follows:

**Paragraph 1**: Deny partially. The ATF denies that it has additional records, relevant to Plaintiff's case, other than those identified previously in this litigation. Plaintiff's SMF cites only his own declaration which in turn cites only his "Exhibit 2-4," and these latter pages consist of the FBI's response to Plaintiff's FOIA request and do nothing to support, much less establish, Plaintiff's SMF that ATF is concealing records in this case. Indeed, the evidence Plaintiff cites is insufficient for a reasonable finder of fact to rely on, as a matter of law. See Fed. R. Evid. 602.

Moreover, Plaintiff does nothing to rebut the evidence proffered by the ATF: "Upon a search of ATF databases, Mr. Jones' name was found to be associated with investigation number 783020-00-0102 and this is the only investigation number associated with Mr. Jones' name and Social Security Number in ATF databases." See Graham Decl. ¶ 8 (July 30, 2007). The investigative file has been reviewed and segregable portions have been released to Plaintiff pursuant to his FOIA request. Even though the referral for Plaintiff is not the subject of this litigation, the documents referred to ATF by the Executive Office for United States Attorney ("EOUSA") contained a Recommendation for Prosecution, which listed a police report from the Columbia Police Department. It appears from the file that ATF was involved in this matter solely to investigate the "firearm which was recovered upon arrest of Mr. Jones in his drug case. Any records which were in ATF's possession concerning local law enforcement operations seem to be either background to the firearm investigation or arrest records to demonstrate his felony and prove felon in possession charges." See Graham Decl. ¶ 9. A comprehensive and thorough search has produced no additional files on Plaintiff and the only information related to drug offenses or local law enforcement operations were reviewed and segregable portions were released to Plaintiff pursuant to his FOIA request. See id. and Chisholm Decl. ¶ 24-40 (June 22,

2007).

**Paragraph 2**: Deny. Plaintiff's cited evidence does nothing to support his claim that the ATF never responded to the complaint in this case. In fact, ATF responded to the complaint in a Motion for Summary Judgment. See docket entry no. [17]. Plaintiff's stated SMF is also irrelevant to any material issue of fact in this case.

**Paragraph 3**: Deny. Plaintiff's cited evidence consists only of his own self-serving declaration, and it does not appear that he could have the requisite personal knowledge to testify permissibly about the ATF's purpose in collecting the information he alleges it has. Accordingly, his evidence is insufficient as a matter of law for a finder of fact to rely on in awarding him judgment, as required by the standards for summary judgment. See Fed. R. Evid. 602.

Moreover, the ATF's Disclosure Division explained that ATF disclosed all files located that pertain to Plaintiff. ATF's involvement in any drug investigation appears to have stemmed from the Colombia Police Department's referral of a possible firearms violation which instigated a federal investigation into Plaintiff regarding the firearm. See Graham Decl. ¶ 9.

**Paragraph 4**: Deny. The stated SMF is irrelevant to any material issue of fact in this case because it does nothing to establish that any records were generated or maintained that should have been located but were not. Plaintiff's cited evidence consists only of materials provided by Defendant in this litigation, and these do nothing to support his claim.

The letter from Mr. Chisholm which Plaintiff included in his Declaration as Exhibit 5 and Defendant included in Graham Declaration July 20, 2007, Exhibit B, was related to a FOIA referral from the EOUSA and is not the subject of this particular litigation. See Graham Decl.

¶ 4-7.  However, Plaintiff's citation of the letter and the attachment "Individual Case Analysis" Cover Sheet in Exhibit 5 demonstrates the opposite of Plaintiff's contention that ATF was involved in a drug investigation to any greater extent than federal firearms charges.  It demonstrates that the topic of the case was classified as "Felon in Possession" and that the crime being investigated involved "firearms" and that the charges involved were "922(g)."  See Jones Decl. Ex. 5.  Defendant has repeatedly made clear that an exhaustive search for files regarding Plaintiff has not produced any other documents than those reviewed for release.  It appears as if Plaintiff is continuing to mistake a firearms charge in which a gun was referred to ATF in the midst of a local law enforcement drug investigation for ATF's participation in the drug investigation itself.  See Graham ¶ 9.

**Paragraph 5**:   Partially admit.  Defendant admits that it denies that it has evidence of a drug investigation beyond those documents which were included in Plaintiff's firearms investigation file, which was reviewed and released to Plaintiff through multiple FOIA requests.  The Defendant is unaware of the second or first investigation to which Plaintiff is referring.  "The Disclosure Division has conducted an exhaustive search of ATF records and has made several releases to Mr. Jones of all segregable material possessed by ATF concerning Mr. Jones."  See Graham Decl. ¶ 10.

Moreover, Plaintiff's SMF is, as worded, irrelevant to any dispute of material fact in this case, and again, his reliance on only materials filed by Defendant does nothing to support his case or this SMF.

**Paragraph 6**:  Partially admit.  Defendant admits that it has not obtained a Vaughn index from any field agents involved in Plaintiff's case.  However, without any foundation evidence as

to the supposed role of the "field agent," there is no indication that it could be relevant to any material issue of fact in this case.  In addition, the SMF is incorrect because the Disclosure Division has custody of the investigative file and, based on these documents, prepared a comprehensive Vaughn Index, filed in this litigation, covering the documents previously released and withheld.

Moreover, the evidence about the ATF's search indicates that it conducted an adequate search of its records in response to Plaintiff's FOIA request.  See Graham Decl. ¶ 10 and Chisholm Decl. ¶ 34-39.

**Paragraph 7**:  Deny.  The Defendant responded to the complaint in a Motion for Summary Judgment.  See docket entry no. [17], and response to SMF 1, above.  The Defendant's lack of an answer to the complaint does not constitute admission of any of Plaintiff' claims.

May 14, 2008                                         Respectfully submitted,

                                              JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

  /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

  /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 514-7204
alan.burch@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2008, I caused the foregoing Defendants' Response to Plaintiff's Statement of Material Facts to be served on *pro se* Plaintiff via First Class Mail addressed as follows:

Marcus Deangelo Jones
R#12520-045
USP COLEMAN I
U.S. Penitentiary
P.O. 1033
Coleman, FL  33521

      /s/
ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 Fourth St., N.W.,
Washington, D.C. 20530