UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| MARCUS DEANGELO JONES, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-461 (RMU) |
| | : | | |
| v. | : | Document No.: | 17 |
| | : | | |
| UNITED STATES DEPARTMENT OF JUSTICE *et al.,* | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DENYING THE PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT

**I. INTRODUCTION**

The plaintiff, Marcus DeAngelo Jones, filed this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. The defendants, the United States Department of Justice ("DOJ") and its Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), have filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, which the plaintiff has opposed. Because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law, the court grants the defendants summary judgment and denies judgment for the plaintiff.

## II. BACKGROUND

Indicted in 1999, the plaintiff is a federal prisoner serving a lengthy sentence for drug and firearms offenses. *United States v. Jones,* 275 F.3d 673, 678 (8th Cir. 2001). In 2001, he submitted a FOIA request to the DOJ's Executive Office of the U.S. Attorneys ("EOUSA") seeking information relating to his drug investigation and prosecution. *See* Defs.' Reply, Decl. of Averill P. Graham, ("Graham Decl.") ¶ 3. In processing that request, the EOUSA located 79 pages of documents that had originated with the ATF, and referred those documents to ATF for review and possible release. *Id.* ¶ 4. The ATF made a full or partial release of all but two of the 79 pages and also offered to release a tape on which nothing could be heard. *Id*. The plaintiff did not file an administrative appeal regarding his 2001 FOIA request, but did file a civil action, which was assigned Civil Action No. 04-675 (RMU). *Id.* ¶¶ 5,6. When the EOUSA filed for summary judgment in that action, the plaintiff did not respond, and by order of the court on February 7, 2005, summary judgment was granted as conceded to the defendant agency.[1] *Id.*

In June 2005, the plaintiff filed another FOIA request, addressed particularly to the ATF, seeking

> Agent 302 reports and witness interview notes, of witnesses and finding from a drug investigation from the Columbia Police Department, Columbia, Missouri. This case was federally prosecuted in the U.S. District Court Western District of Missouri, Case No. 99-0401-CR. This agency was responsible and participated in collecting evidence, and presenting this case to the Assistant United States Attorney. This request is limited to the above stated information.

---

[1] Any attempt to relitigate the issues raised in the EOUSA's response to the plaintiff's 2001 FOIA request is barred under the doctrine of *res judicata*. *Allen v. McCurry,* 449 U.S. 90, 94 (1980) ("[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.").

Defs.' Mot. for Summ. J., Decl. of Peter J. Chisholm ("Chisholm Decl.") Ex. E.  After a search based on the information provided, the ATF told the plaintiff that it had found no responsive information, that 302 reports are generated by the FBI not the ATF, and that ATF does not maintain records of other agencies.  *Id.* Ex. F.  The plaintiff responded by providing his social security number to assist in the search (and erroneously asserting that he had sent it previously). *Id.* Ex. G.  He also stated that "whether this agency calls its investigative reports 302 reports or not I would have hoped that the person handling my request knew what I was saying." *Id.*  He reiterated his request to "be provided with the ATF Reports of Investigation of my drug case, the recommendation for prosecution form, the ATF report of investigation interviews with witnesses." *Id.*  The agency conducted a second search, using the additional information, and located 151 pages of responsive records.  *See id., Vaughn* index.  In September 2005, the ATF released part and withheld part of the responsive information.  *Id.* Ex. L.  The plaintiff immediately appealed because he believed that the ATF had records regarding his "drug investigation," but had "only disclosed material concerning the firearms investigation and offense."  *Id.* Ex. M.  In fact, the complaint stated that the information the ATF released to the plaintiff in 2005 "was the same information disclosed in the year of 2001 [sic]."[2]  Compl. ¶ 4.  In his appeal, the plaintiff did not challenge the basis for withholding the responsive information that was not disclosed.  Chisholm Decl. Ex. G.  The appeal resulted in affirming the agency's decision.  *Id.* Ex. O.  The plaintiff had already filed this lawsuit.  Here, too, the plaintiff contests

---

[2]  The court construes the complaint to mean that the information was the same as that released in response to the FOIA request made in 2001.

only the adequacy of the search and does not challenge the material withheld pursuant to the statutory exemptions.  *See* Pl.'s Opp'n at 3-5.

### III.  ANALYSIS

#### A.  Legal Standard for Summary Judgment in a FOIA Case

Summary judgment may be granted only where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Burke v. Gould,* 286 F.3d 513, 517 (D.C. Cir. 2002).  A material fact is one that is capable of affecting the outcome of the litigation.  *Anderson v. Liberty Lobby,* 477 U.S. 242, 248 (1986).  A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," *id.,* as opposed to evidence that "is so one-sided that one party must prevail as a matter of law," *id*. at 252.  A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant.  *Id.* at 255.

In a FOIA suit, an agency is entitled to summary judgment once it satisfies its burden of demonstrating that no material facts are in dispute and that it has conducted a search reasonably calculated to uncover all relevant information, *Weisberg v. Dep't of Justice,* 745 F.2d 1476, 1485 (D.C. Cir. 1984), which either has been released to the requestor or is exempt from disclosure, *Students Against Genocide v. Dep't of State,* 257 F.3d 828, 833 (D.C. Cir. 2001).  The agency must show that it made a "good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v.*

*Dep't of the Army,* 920 F.2d 57, 68 (D.C. Cir. 1990); *see also Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998).  A search need not be exhaustive. *Miller v United States Dep't of State,* 779 F.2d 1378, 1383 (8th Cir. 1985).  Furthermore, the adequacy of a search is not determined by its results, but by the method of the search itself, *Weisberg,* 745 F.2d at 1485, and a court is guided in this determination by principles of reasonableness, *Oglesby,* 920 F.2d at 68.  An agency's failure to find a particular document does not undermine the determination that the search was adequate. *Wilber v. CIA,* 355 F.3d 675, 678 (D.C. Cir. 2004); *Nation Magazine, Washington Bureau v. United States Customs Serv.,* 71 F.3d 885, 892 n.7 (D.C. Cir. 1995).

A court may award summary judgment to a FOIA defendant solely on the basis of information provided by the department or agency in sworn statements with reasonably specific detail that explain in a non-conclusory fashion the scope and method of the agency's search, *Perry v. Block,* 684 F.2d 121, 126 (D.C. Cir. 1982), that justify the nondisclosures, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith, *Military Audit Project v. Casey,* 656 F.2d 724, 738 (D.C. Cir.1981).  In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with FOIA. *Perry,* 684 F.2d at 127.  To successfully challenge such a showing by the defendant agency, the plaintiff must do more than merely establish some "metaphysical doubt;" rather, the plaintiff must come forward with "specific facts" demonstrating a genuine issue. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986).

### B.  Because There are No Material Facts at Issue,
### the Court Grants Summary Judgment to the Defendant

The defendant has filed a sworn statement describing the search for responsive records. *See* Defs.' Mot. for Summ. J. at 7-9 (citing Chisholm Decl. ¶¶ 34-39).  The ATF searched "all indices and file systems . . . that would contain information pertaining to [the plaintiff]." Chisholm Decl. ¶ 34.  The plaintiff maintains that the search was not adequate because it did not produce certain records — specifically witness interview reports prepared in a drug investigation — that he believes are maintained by the ATF.  Pl.'s Opp'n at 3-4.  His belief appears to stem, in part, from the fact that he had two prosecutions, one for drugs and another for firearms, *id.* at 3 n.1, but that "the ATF only . . . provided Jones with information concerning the firearms investigation," *id.* at 4.  The plaintiff's contention is not compelled by logic, and the defendants have explained that it is not well-grounded in fact, either.  Rather,

> it is apparent from the documents that ATF was involved in this case [that is, Jones' drug investigation and prosecution] solely to investigate the firearm which was recovered upon arrest of Mr. Jones in his drug case.  Any records which were in ATF's possession concerning local law enforcement operations seem to be either background to the firearm investigation or arrest records to demonstrate his felony and prove felon-in-possession charges.

Graham Decl. ¶ 9.  Indeed, "the ATF is not likely to be engaged in a 'drug' investigation *per se*," as it is dedicated to enforcing laws regulating alcohol, tobacco, firearms, and explosives, not — as is the Drug Enforcement Administration — to laws regulating drugs.  Defs.' Reply at 3.  The ATF is, however, "often involved in investigating firearms violations arising out of broader sets of allegations or interagency investigations that do involve drug violations."  *Id*. at 4, citing Graham Decl. ¶ 9.  The plaintiff further challenges the adequacy of the search because the ATF did not search databases that belong to other agencies.  Pl.'s Opp'n at 4.  The ATF, however, has

no access to, and no obligation to search, the databases and records of other agencies. Graham Decl. ¶ 10. The plaintiff's recourse to records in other agencies is to file a request with those agencies. The plaintiff has not identified a genuine issue of material fact with respect to the adequacy of the ATF's search, and on the basis of the record, the court concludes that the search conducted by the ATF was adequate under the law.

The defendants' sworn statements and other supporting materials establish that information responsive to the plaintiff's request was withheld only on the basis of FOIA Exemptions (b)(2) and/or (b)(7)(C). *See* Chisholm Decl. ¶¶ 18-21 (Exemption (b)(2)), 22-33 (Exemption (b)(7)(C)); and *Vaughn* index. It further establishes that all information that could be segregated and released was segregated and released. Chisholm Decl. ¶ 40. The plaintiff raises no challenges to these claims. On this record, then, there is no genuine dispute of material fact and the defendant is entitled to judgment as a matter of law.

### C. Because Plaintiff's Motion for Judgment has no Merit in Law or Fact, the Court Denies Judgment for the Plaintiff

The plaintiff filed a motion for entry of judgment, asserting that because the defendant did not file an answer denying the allegations in the complaint but instead filed a motion for summary judgment, judgment should be awarded to plaintiff. *See* Pl.'s Mot. for Entry of J. at 2 (arguing that "the failure of the Defendants to file Defense form of denial and failing to deny the complaint warrants judgment in Jones' favor"). A defendant, however, is not required to respond in the form of an answer before making a motion for summary judgment, which may be made by a defending party "at any time." FED. R. CIV. P. 56(b); *see also Hubicki v. ACF Indus., Inc.,* 484 F.2d 519, 522 (3d Cir. 1973) (summary judgment motion may be made before pleading to the

complaint); *Gifford v. Travelers Protective Ass'n of Am.,* 153 F.2d 209, 210-11 (9th Cir. 1946) (same); 10A C. Wright, A. Miller, M. Kane, FED. PRACTICE & PROC. 3d § 2718 (1998) ("A defending party is not required by the rule to file an answer before moving for summary judgment."). Indeed, it is standard practice in FOIA cases for the defendant to file a motion for summary judgment instead of filing a responsive pleading. Such a practice is substantively no different than filing a motion under Rule 12(b)(6) accompanied by matters outside the pleadings, which is then converted by operation of Rule 12(b) to one under Rule 56. *See* FED. PRACTICE & PROC. 3d § 2718 ("There seems to be no compelling reason for treating a motion originally made under Rule 56 differently from one that has been transformed [by Rule 12(b) or 12(c)] into a summary-judgment motion.").

The plaintiff offers second theory of default. He contends that the defendants failed to respond to his motion for summary judgment, "[e]ven after being ordered to respond by the Court to the pending motions." Pl.'s Mot. for Entry of J. at 2. The plaintiff's characterization of the record is inaccurate. In fact, the plaintiff filed his motion for summary judgment on June 15, 2006, before the defendants had ever been served in this case. The court denied the plaintiff's motion, without prejudice, and ordered the Clerk to "issue summonses for the defendants in order for the United States Marshals Service to effect service of the complaint." *See* Order (March 22, 2007). The court did not order the defendants to respond to the plaintiff's motion, and the defendants were never under an obligation to respond to the plaintiff's motion for summary judgment. Accordingly, the court denies the plaintiff's motion for entry of judgment because it has no merit in law or fact.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the defendants' motion for summary judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 10th day of March 2009.

RICARDO M. URBINA<br>
United States District Judge